# F. W. CATHRO v. D. H. McARTHUR, Administrator, et al.

## WILLIAM BERGMAN, Appellant.

(152 N. W. 686.)

**Adverse claims — action to determine — plaintiff's claim of title — mortgagor — successor in interest — administrator's sale — heirs at law — quitclaim deeds.**

1. In an action to determine adverse claims to real property, plaintiff bases his claim of title through a redemption from a mortgage foreclosure sale as the successor in interest of the mortgagor. He claims to be such successor in interest, first, by purchase at an administrator's sale; and, second, by purchase through quitclaim deeds, from the heirs of the deceased mortgagor. Defendant's contention that such administrator's sale was a nullity because of certain irregularities in the probate proceedings as to the description of the land, and that there is no competent proof that the grantors in such quitclaim deeds were the heirs at law of the deceased mortgagor, held untenable.

**Probate proceedings — irregularities in — description of land — petition for license to sell — jurisdiction — county court — authority to allow amendments.**

2. Certain irregularities in the description of the property in the probate proceedings are held not jurisdictional where the correct description was contained in the original petition for license to sell. *Held,* further, that the county court had ample authority to, and did on full notice to all persons concerned, amend and correct such irregularities.

**Administrator's sale — quitclaim deeds — successor in interest — heirs at law.**

3. Even if it should be held that such administrator's sale was void on account of such irregularities, it is clear that plaintiff became the successor in interest of the mortgagor under the quitclaim deeds, the undisputed proof showing that the grantors in such deeds were heirs at law of the deceased mortgagor.

**Heirs at law — decree establishing — other evidence competent.**

4. The appellant's contention that the only competent proof that such grantors were heirs of the decedent is a decree establishing heirship, *held* untenable.

Opinion filed April 23, 1915.

Appeal from District Court, Bottineau County, *K. E. Leighton,* J.

30 N. D.—22.

Action by F. W. Cathro against William Bergman et al. to determine adverse claims to real property.

From a judgment in plaintiff's favor, defendant Bergman appeals. Affirmed.

*J. D. Scherer* (*Newton, Dullam, & Young,* of counsel), for appellant.

In an administrator's notice of sale of land, the land must be described with common certainty. Rev. Codes 1905, § 8137, Comp. Laws 1913, § 8774; 3 Kerr's Cyc. § 1544; Crosby v. Dowd, 61 Cal. 557; Hill v. Wall, 66 Cal. 130, 4 Pac. 1139; Huwes v. Cox, 1 Pinney (Wis.) 551; Melton v. Fitch, 125 Mo. 281, 28 S. W. 612; Hanson v. Ingwaldson, 77 Minn. 533, 77 Am. St. Rep. 692, 80 N. W. 702; Kurtz v. St. Paul & D. R. Co. 65 Minn. 60, 67 N. W. 808.

Such a sale is an adverse proceeding, so far as the heirs are concerned. It is not a proceeding *in rem.* The heir may not be devested of his title without his day in court, and upon proper notice. Mickel v. Hicks, 19 Kan. 578, 27 Am. Rep. 161; Fudge v. Fudge, 23 Kan. 416; Rogers v. Clemmans, 26 Kan. 522; French v. Hoyt, 6 N. H. 370, 25 Am. Dec. 464; Townsend v. Tallant, 33 Cal. 45, 91 Am. Dec. 617; Gibson v. Roll, 30 Ill. 172, 83 Am. Dec. 181; Valle v. Fleming, 19 Mo. 454, 61 Am. Dec. 566; Doe ex dem. Mitchell v. Bowen, 8 Ind. 197, 65 Am. Dec. 758; Gibbs v. Shaw, 17 Wis. 198, 84 Am. Dec. 737; Root v. McFerrin, 37 Miss. 17, 75 Am. Dec. 49.

In such cases, strict compliance with the law is necessary. Nothing required by law will be implied or inferred. Jackson ex dem. Watson v. Esty, 7 Wend. 148; Bloom v. Burdick, 1 Hill, 130, 37 Am. Dec. 299; Hewitt v. Durant, 78 Mich. 186, 44 N. W. 318; Reynolds v. Wilson, 15 Ill. 394, 60 Am. Dec. 753; Wilson v. Ford, 190 Ill. 623, 60 N. E. 876; Stevenson v. McReary, 12 Smedes & M. 9, 51 Am. Dec. 102; Jenkins v. Young, 35 Hun, 569; Doe ex dem. Platter v. Anderson, 5 Ind. 33; Ferguson v. Crawford, 70 N. Y. 264, 26 Am. Rep. 589.

A decree of heirship when made by the county court is conclusive and binding upon all persons. 18 Cyc. 664, note 35, and cases cited.

Testimony of persons that certain others are "heirs at law" is a mere conclusion, and wholly incompetent. 3 Elliott, Ev. § 193; Currie v. Fowler, 5 J. J. Marsh. 145; Morrill v. Otis, 12 N. H. 466; Skinner v. Fulton, 39 Ill. 484; 2 Greenl. Ev. § 254.

Plaintiff was not a redemptioner. He had no right to redeem.

Mercer v. McPherson, 70 Kan. 617, 79 Pac. 118; Murphy v. Farwell, 9 Wis. 102; Skinner v. Young, 80 Iowa, 234, 45 N. W. 889.

This appellant did not receive or accept the redemption money. He has not parted with title to the property. McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281.

*Weeks & Moun,* for respondent.

The original petition for license to sell gives the correct description and gave the county court jurisdiction, and this being true, even though there may be defects in the proceedings, the sale cannot be attacked collaterally. Rev. Codes 1905, §§ 7895, 7955, 7956, Comp. Laws 1913, §§ 8530, 8590, 8591; 18 Cyc. 802.

Heirs of full age may bind themselves by an express ratification of an irregular sale, and will not thereafter be heard to question its validity. 18 Cyc. 799; O'Dell v. Rogers, 44 Wis. 136.

When one dies, the title to both his real and personal property passes at once to the heirs. Rev. Codes 1905, § 5186, Comp. Laws 1913, § 5742.

A judgment and decree rendered in a proceeding to administer the estate of a deceased person is evidence of heirship. But this is not the *only* competent proof of heirship. 4 Enc. Ev. 577; Jetter v. Lyon, 70 Neb. 429, 97 N. W. 596; 2 Greenl. Ev. 15th ed. 353–355; Rev. Codes 1905, § 8159.

Statutes giving the right of redemption are to be construed liberally, and the construction, in case of doubt, should be in favor of the right to redeem. 27 Cyc. 1800; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453; Sutherland, Stat. Constr. § 420.

After the purchaser has accepted a pretended redemptioner's money, he cannot question the latter's right to redeem. Freeman, Executions, § 317; Carver v. Howard, 92 Ind. 173; McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281; Sexton v. Rhames, 13 Wis. 99; 27 Cyc. 1834.

Fisk, Ch. J. This is the statutory action to determine adverse claims to real property, the complaint being in the usual form. The defendant Bergman is the sole appellant, and he bases his claim of ownership of the property under a mortgage foreclosure sale and the purchase by

him at such sale on February 25, 1911, pursuant to which sale a sheriff's certificate in due form was issued to him.

The plaintiff asserts title under an alleged redemption from such foreclosure sale made on February 24, 1912, to whom was issued a certificate of redemption in due form.

The ultimate question presented is whether plaintiff, at the time of his alleged redemption, was authorized, under the statute, to make such redemption. It is appellant's contention that plaintiff had no such interest in the property as entitled him to redeem. We are agreed that such contention is without merit, and our reasons for this conclusion will be briefly stated.

The real property in controversy was formerly owned by one Robert Winter, who died intestate, leaving as heirs the persons other than McArthur who are named as defendants herein. McArthur was the duly appointed and acting administrator of the estate of said Winter, and as such administrator gave the mortgage which was foreclosed. Prior to such foreclosure proceedings, the necessary steps were taken in the probate court to effect a sale of the premises to the plaintiff, and the latter purchased the same for the sum of $2,400, paying to such administrator the sum of $940, the balance of such purchase price after deducting the encumbrances on the property.

It is appellant's contention that plaintiff acquired no title through such probate sale, owing to certain irregularities in the proceedings which it is said rendered such sale null and void. The irregularities consisted in a misdescription of the range, it being described as range 74, instead of range 75, in the order of license to sell, the notice of sale, the order of hearing of sale, and the notice of hearing report of sale. It is not claimed that the petition for license to sell, the order and notice of hearing on petition to sell, the report of sale, and the order confirming the sale, do not correctly describe the property. After such irregularities were discovered, an application was made to the county court, upon due notice to all persons interested, to correct the errors in the description, which application was granted after hearing. It is contended by appellant, however, that such errors in the description were jurisdictional, and therefore could not be correct so as to pass title to the plaintiff. Such contention, we think, is unsound. The county court obtained jurisdiction upon the filing of a proper petition.

Rev. Codes 1905, § 7895, Comp. Laws 1913, § 8530, and any·errors in the description in subsequent proceedings would, we think, constitute irregularities only which could not be challenged except by. a direct attack. 18 Cyc. 802, and cases cited. Furthermore, under §§ 7955 and 7956, Rev. Codes, 1905, Comp. Laws 1913, §§ 8590 and 8591, the county court had ample authority to correct such irregularities.

But we need not rest our decision upon the ground that plaintiff acquired title through such probate proceedings, for the undisputed proof shows that the heirs of Robert Winter executed and delivered to the plaintiff quitclaim deeds to the premises in controversy; and we entertain no doubt that he acquired, through such quitclaim deeds, a sufficient interest in the premises to entitle him to redeem. It is of course true that at the death of Robert Winter the title held by him immediately vested in his heirs at law, he having, as before stated, died intestate. See § 5186, Rev. Codes 1905, Comp. Laws 1913, § 5742. It follows, therefore, that such heirs could, by deed, transfer their interest to the plaintiff. Whether plaintiff obtained the entire interest in such property through these quitclaim deeds is not controlling, for the Code provides that a redemption may be made by the mortgagor or his successor in interest in the whole or *any part of the property*. Rev. Codes 1905, § 7465, Comp. Laws 1913, § 8085.

But it is contended by appellant that there is no competent proof that the grantors named in these quitclaim deeds are the heirs of Robert Winter, deceased, the particular point being that the only competent proof of heirship is a decree establishing heirship. In this they are clearly in error. 4 Enc. Ev. 577; Jetter v. Lyon, 70 Neb. 429, 97 N. W. 596; 2 Greenl. Ev. 15th ed. 353–355. The Nebraska court in the above case, among other things, said: "Again one may establish ownership to real estate as the heir of a deceased person, even where no probate proceedings whatever have been had relating to the estate of the deceased. In this state our district courts have jurisdiction in ejectment suits, and the heirs of a deceased person, even before the estate is probated may maintain ejectment as to all persons except the executor or administrator. . . . The record in this case shows that Waldo H. Lyon testified that he and his coplaintiffs were the only surviving chil-

dren and heirs at law of Waldo Lyon, the grantor in the deed in question. Such evidence was clearly competent."

Section 8159, Rev. Codes 1905, Comp. Laws 1913, § 8797, which is similar to the Nebraska statute, expressly authorizes the heirs to maintain an action for the possession of the real estate, or for the purpose of quieting title to the some, against anyone except the executor or administrator. If appellant's contention is sound the heirs who have not been determined by a decree of heirship would be powerless to redeem from a mortgage foreclosure or execution sale, and they might, therefore, be devested of all interest in the property before a decree of heirship could be obtained. Such is clearly not the law.

The proof that the grantors in such quitclaim deeds are heirs of Robert Winter, deceased, is clear and beyond controversy. In addition to such proof, the fact that they are such heirs is disclosed by the original petition for letters of administration, as well as by all the records of the county court relating to such estate, which are in evidence in this case.

We entertain no doubt that plaintiff had such an interest in the property as entitled him to redeem, and that he was within the statutory time permitted for making a redemption.

The plaintiff, being a successor in interest of the mortgagor, was not required to serve notice of redemption. In paying the amount due, he did all that the law required. Styles v. Dickey, 22 N. D. 515, 134 N. W. 702.

The judgment is affirmed.

Goss, J. disqualified, not participating.

Honorable CHAS. M. COOLEY, Judge of the First Judicial District, sitting in his stead.