**COLLINS v. FEDERAL LAND BANK OF ST. PAUL.**

No. 11898.

Circuit Court of Appeals, Eighth Circuit.

April 18, 1941.

Charles G. Bangert, of Enderlin, N. D., for appellant.

John F. Lord, of St. Paul, Minn. (John Thorpe, Michael A. Schmitt, and Robert J. Barry, all of St. Paul, Minn., on the brief), for appellee.

Before WOODROUGH, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

JOHNSEN, Circuit Judge.

The question presented is whether, in proceedings for an agricultural composition under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, a foreclosure suit on real estate, to which the debtor

holds title by unrecorded deed only, is within the operation of the automatic stay provision in subsection n.[1] The trial court appears to have taken the view that a foreclosure proceeding is not automatically stayed under subsection n, unless the debtor has record title to the property. The case is here on an appeal by the debtor.

The real estate involved consists of a half section, located in Richland County, North Dakota. It had been owned by appellant's father, who had executed a mortgage on it to appellee. In 1933, the father conveyed the land to appellant's brother, who in turn deeded it to appellant in 1937. The validity of these instruments is not questioned. Under the statutes of North Dakota, however, a deed to real estate cannot be recorded until all the taxes on the property have been paid. N.D.Comp.Laws 1913, Supp.1925, § 2212. Appellant claims that he was never able to pay the taxes on the land, and hence it was impossible for him to record the deeds. He and his family had continuously lived upon the land, however, and farmed it since 1927.

The father had died in 1934, but there had never been any administration proceedings in connection with his estate. In 1938, appellee instituted foreclosure proceedings on its mortgage, naming the six sons and daughters of the mortgagor as parties defendant, and summons was duly served on appellant as one of such defendants. A decree of foreclosure was regularly entered, and on April 15, 1939, sheriff's sale was held, at which the property was bid in by appellee, and a sheriff's certificate was issued to it. Under the laws of North Dakota, the period of redemption would have expired on April 15, 1940.

On March 1, 1940, appellant filed a petition for agricultural composition under section 75 of the Bankruptcy Act, as amended, of which proceedings appellee was duly notified, and in which it filed proof of claim, "reserving question of ownership and jurisdiction." Appellant failed to obtain an acceptance of his composition proposal, and, on July 1, 1940, he filed an amended petition under subsection s, asking to be adjudged a bankrupt. On August 20, 1940, after appellant had been duly adjudicated a bankrupt, and after he had pe-

titioned the court that his property be appraised, appellee filed a motion for an order "abandoning * *. * and striking from the schedule of assets" the real estate here involved, "for the reason that the above named bankrupt is not the sole record owner of said real estate, and that the Court does not have jurisdiction of parties indispensable to the proceeding." On September 12, 1940, the district court entered an order that "the above described real estate be abandoned from the above entitled proceedings and stricken from the schedule of assets herein."

The record does not favor us with any expression of the trial court's reasons for this order, but, from appellee's attempted justification of it, it appears to have been made on the theory which we have indicated above, that the automatic stay or extension provision in subsection n was intended to apply only to real estate to which the debtor holds actual record title.

Such a distinction between property would defeat in part the salutary purpose which Congress was seeking to accomplish, and can hardly be justified under the specific language of the Act. Subsection n expressly provides that the filing of a petition for composition or extension "shall immediately subject the farmer and *all* his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including *all* real or personal property, or *any equity or right* in any such property, including, among others, contracts for purchase, contracts for deed, or conditional sales contracts, *the right or the equity of redemption where the period of redemption has not or had not expired,* or where a deed of trust has been given as security, or where the sale has not or had not been confirmed, *or where deed had not been delivered,* at the time of filing the petition," and that *"in all cases* where, at the time of filing the petition, *the period of redemption has not or had not expired,* or where the right under a deed of trust has not or had not become absolute, or where the sale has not or had not been confirmed, or *where deed had not been delivered,* the period of redemption shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carry-

---

[1] § 75, sub. n, provides in part: "In all cases where, at the time of filing the petition, the period of redemption has not or had not expired, or where the right under a deed of trust has not or had not become absolute, or where the sale has not or had not been confirmed, or where deed had not been delivered, the period of redemption shall be extended or the confirmation of sale withheld for the period necessary for the purpose of carrying out the provisions of this section."

ing out the provisions of this section" (Italics ours.)

Appellee points out that under section 5594, N.D.Comp.Laws 1913, an unrecorded deed is "void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any part or portion thereof, whose conveyance * * * is first duly recorded; or as against any attachment levied thereon or any judgment lawfully obtained, at the suit of any party, against the person in whose name the title to such land appears of record, prior to the recording of such conveyance." But this statutory provision, which is not an uncommon one, did not prevent title to the property from vesting in appellant under his unrecorded deeds. Another North Dakota statute (§ 5598) expressly provides that "an unrecorded instrument is valid as between the parties thereto and those who have notice thereof * * *." The effect of section 5594 therefore is simply to give priority to subsequent purchasers and attachment or judgment lien creditors, without notice, over the rights of an unrecorded deed holder, as a matter of estoppel. The holder of such an instrument, however, has definitely succeeded to all the rights of the record owner in the property, and so would be entitled to redeem from any judicial sale thus held against his grantor. N.D.Comp.Laws 1913, § 8085; Cathro v. McArthur, 30 N. D. 337, 152 N.W. 686.

But these statutory provisions do not require further consideration here. Appellee's status as a mortgagee certainly was in no way prejudiced by the unrecorded deed. Its foreclosure proceedings were not affected by the fact that the instrument was not recorded. N.D.Comp.Laws 1913, § 8026. No substantive priority would be accorded to appellant's unrecorded deed, over appellee's mortgage or decree rights, by holding the automatic stay provison of subsection n applicable to the property. Appellee will occupy exactly the same position as if a record owner had been seeking to effect the agricultural composition. And it will hardly be gainsaid that a farmer, who, like appellant, cannot get his deed recorded because of an inability to pay his taxes, is quite as much, and possibly even more, in need of the automatic stay provided for in subsection n, as any other farmer, and, so far as the language of Congress is concerned, he is equally entitled to it.

Appellee suggests that if the holder of an unrecorded deed desires to have foreclosure proceedings upon the property stayed in order to try to effect an agricultural composition, he ought at least to be required to sue out a writ of injunction against the mortgagee. The brief says: "Appellee does not contend that the bankruptcy court, where the bankrupt is in possession of property, does not have power, upon proper application and proof, to enjoin transfer of the property or maintain the status quo in regard to it, until its jurisdiction is determined. Nor does appellee contend that upon such proper application and proof of interest, the bankruptcy court did not have power to stay by injunction the expiration of the period for redemption in this case." The obvious answer to this suggestion is that, in providing for an automatic stay, Congress specifically eliminated the requirement which appellee here seeks to impose. The status quo is preserved by the language of the Act, and no judicial order is necessary.

The order of the district court in this case accordingly fails to give effect to the language of subsection n, and ignores the hospitable construction of the Act toward which Wright v. Union Central Life Insurance Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L. Ed. 1490, John Hancock Mutual Life Insurance Co. v. Bartels, 308 U.S. 180, 60 S. Ct. 221, 84 L.Ed. 176, and Borchard v. California Bank & Trust Co., 309 U.S. 648, 60 S.Ct. 721, 84 L.Ed. 1000, point. Appellant was entitled, in the situation here presented, to have the real estate involved dealt with in the proceedings under section 75, on the same basis as if his deeds had been duly recorded. The court could not make an arbitrary stonecast of the property.

Reversed.