[File No. 6944]

MYRTLE A. HOFFMAN, Appellant, v. THE HEIRS OF WIL-
LIAM C. HOFFMAN, Also Known as W. C. Hoffman, Deceased,
Maude Smith, Mabel Hartzell, William E. Hoffman, Elton A.
Hoffman, as the Heirs at Law and Devisees of Fred W. Hoffman,
Deceased, A. W. Hoffman, Alice Hoffman Moore, Harvey W. Hoff-
man, as the Heirs at Law and Devisees of Julia T. Hoffman, De-
ceased, and All Other Persons Unknown Claiming Any Interest or
Estate in or Lien or Incumbrance upon the Property Described in
the Complaint, Respondents.

(17 NW(2d) 903)

Opinion filed March 10, 1945

*H. E. Haney* and *C. H. Starke,* for appellant.

No appearance for respondents.

BURR, J. According to the opinion of the trial court plaintiff commenced this action ostensibly to quiet title to the West-half of Section 35, Township 143, Range 99; but in fact to effect probate proceedings.

The summons was duly served, so as to give the district court jurisdiction of the case. All defendants defaulted and in due time the case was presented. The court dismissed the action on the ground the nature of the issue was such that original and exclusive jurisdiction thereof was in the county court, and the plaintiff appealed.

The complaint is in the statutory form to determine adverse claims and quiet title, and sets forth: that the plaintiff acquired title to the land upon the probate of the estate of W. C. Hoffman who owned the premises at the time of his death. He died prior to February 2, 1916, a resident of Monroe County, Wisconsin, and left a will which was admitted to probate in the proper court there. The complaint further alleges, that a final decree of distribution was entered in that court and therein all of the interest of the deceased passed to and became the property of four Hoffmans—Fred William, John Edward, George Albert, Julius H.—and of Amelia Adeline Eckel known also as Amelia A. Hoffman; that John Edward and Julius H. thereafter conveyed their interest to the others; the complaint further shows that Fred William died testate. His will was admitted to probate in the proper court of Santa Clara, California "and a final decree of distribution was entered therein under date of November 18, 1930, passing all of the interest of the said Fred William Hoffman to Luzetta Hoffman

for life, with power of sale; and the balance to the children of the decedent, the defendants Maude Smith, Mabel Hartzell, William E. Hoffman and Elton A. Hoffman, in equal shares." That "Amelia Adeline Hoffman, also known as Amelia A. Eckel, died testate, and resident of the County of King and State of Washington and her will was admitted to probate in the Superior court" there and "a final decree of distribution was entered therein, passing the property to John Eckel," her husband, and to Julius J. Eckel, her son; that George Albert Hoffman died intestate and his estate was probated in the proper court of Monroe county, Wisconsin and a final decree of distribution was entered therein "assigning all of the interest of the deceased to Julia T. Hoffman, his widow" and to his children—A. W. Hoffman, Myrtle A. Hoffman, the plaintiff herein, Alice Hoffman Moore and Harvey W. Hoffman; that Julia T. Hoffman one of the heirs of George Albert Hoffman, died and left surviving her as her heirs at law the plaintiff and the defendants A. W. Hoffman, Alice Hoffman Moore, and Harvey W. Hoffman; and "that Luzetta Hoffman—transferred all of her interest therein by deed to the plaintiff Myrtle A. Hoffman," that John Eckel and Julius J. Eckel who succeeded to all of the interest of Amelia Adeline Hoffman and that A. W. Hoffman, Alice Hoffman Moore, and Harvey W. Hoffman, who succeeded to all of the interest of George Albert Hoffman and his wife, Julia T. Hoffman, in said real property, transferred all of their interest by deed to the plaintiff."

The complaint further alleges "that the defendants claim certain estates, interest in, or liens and incumbrances in said premises adverse to the plaintiff."

The plaintiff introduced: a certified copy of the decree of distribution made by the Superior court of the County of Santa Clara, California, in the probate proceeding before it; similar decrees of the County court of Monroe county, Wisconsin in the probate proceedings before it; and the decree of the Superior court of the County of King, Washington in the probate proceedings before it; together with the alleged deeds—all of which substantiate the allegations made by the plaintiff in her complaint as to transfer of interests to her. In addition plaintiff filed a certified copy of the order "admitting foreign will to probate," in the matter of the estate of F. W. Hoffman made

by the county court of Billings County, attaching thereto certificates from the 'Judge of the County Court of Monroe county, Wisconsin to the effect that the copy of the will and the proof thereof is on record in that court. This order of the County court of Billings county recites that "letters of administration with the will annexed be issued thereon to H. E. Haney of Belfield, North Dakota."

The trial court considered the matter very carefully, filed two memorandum opinions and ordered dismissal of the case, as follows:

"And it further appearing to the satisfaction of the Court that the individual defendants named are devisees of one Fred W. Hoffman, deceased (legatee of W. C. Hoffman, record owner, also deceased), who, willed his property to them, subject to a life estate in his wife, Luzetta Hoffman; that this plaintiff secured transfers from said Luzetta Hoffman and the heirs of other deceased owners of interests in the lands involved; that no probate proceedings of any of said estates have been had in North Dakota, or any proceedings at law had to establish plaintiff's title; that the effect of a decree herein would be to determine heirship and not to quiet title in the plaintiff; that the interests of these defendants in such property, if any, are not adverse, but separate; that the probate court of Billings County, North Dakota, has original and exclusive jurisdiction to probate the estates in North Dakota of said decedents, determine who are the heirs and the respective shares of each; that two memorandum opinions have been filed herein and that there are no questions of an equitable nature for decision herein. Now,

Therefore, upon the foregoing grounds and for the reasons set forth in said opinions, it is hereby ordered that the above matter be and the same is hereby dismissed without prejudice.

Let Judgment be entered accordingly."

This is not a proceeding to probate an estate. The plaintiff alleges and shows she has an interest in the land involved.

The District Court has original jurisdiction over actions to determine title to real estate. Ottow v. Freiese, 20 ND 86, 126 NW 503.

"Courts of Equity have inherent original jurisdiction to entertain suits to quiet title." Sexton v. Sutherland, 37 ND 500, 505, 164 NW 278, 279. "The statutory action to determine adverse claims was evidently designed as a substitute for the equitable action to quiet title

and the common-law action of ejectment but it is broader and more comprehensive than either of these actions." Ibid.

This action is brought under authority of § 8144 Comp Laws 1913 being §§ 32-1701, Rev Code of 1943, as follows:

"An action may be maintained by any person having an estate or an interest in, or lien or encumbrance upon, real property, whether in or out of possession thereof and whether such property is vacant or unoccupied, against any person claiming an estate or interest in, or lien or encumbrance upon, the same, for the purpose of determining such adverse estate, interest, lien, or encumbrance."

Section 8147, Comp Laws 1913, being § 32-1704, Rev Code 1943 authorizes the form of action used by the plaintiff herein.

Upon the death of an intestate his realty passes immediately to his heirs, subject to the control of the county court and to the possession of any administrator appointed by that court. Section 5742 Comp Laws 1913, being § 56-0103, Rev Code of 1943. See Aberle v. Merkel, 70 ND 89, 291 NW 913. This rule holds good with reference to the devisees under a will. Federal Land Bank v. Fjerestad, 66 SD 429, 285 NW 298, 124 ALR 780, construing statutes practically identical with § 56-0103 and § 30-2401 of our Rev Code of 1943.

There is no claim the administrator with the will annexed has taken possession of the real estate or attempts to take possession, and even if he had this action does not seek to dispossess him nor interfere with any of his rights. He is not a party to the action, in fact he appears as one of the counsel for the plaintiff.

Even where the estate is in the progress of administration an heir may bring such an action as this. Section 8797, Comp Laws 1913 being § 30-2401 of the Rev Code of 1943 specifically provides:

"the heirs or devisees—themselves or jointly with the executor—may maintain an action—for the purpose of quieting title to the same—(the real estate belonging to the estate of the decedent) against anyone except the executor or administrator."

The right to this several or joint action is discussed in Magoffin v. Watros, 45 ND 406, 413, 178 NW 134-136. The same statute provides that "For the purpose of bringing suit to quiet title—the possession of the executor or administrator is the possession of the heirs,"

subject to the possession of the executor or administrator for the purposes of administration. Clearly the statute contemplates that even while an estate is in the process of administration an heir may go into the District Court to have his interest determined. Such action does not in any way interfere with the "exclusive, original jurisdiction" of the County Court in probate and testamentary matters as conferred by § 111 of the Constitution.

This § 8797 was § 6466 of the Rev Code of 1895 and § 6460 of the Code of 1899. The interpretation of this § 6460 of the 1899 Code was before this Court in the case of Blakemore v. Roberts, 12 ND 394, 96 NW 1029, in an action brought by an executor. In this case cited the defendants asserted the executor had no authority to maintain an action pertaining to real property, "that such action can be brought only by the heirs" and that the executor did not have the legal capacity to sue. This court however, though upholding the right of the executor, stated: "the heirs may maintain such an action, but not as against the possession of the administrator or executor. The possession of the real estate goes to the administrator or executor, pending administration, and the heirs cannot disturb such possession of the personal representatives, nor maintain an action to secure such possession as against them. The administrator or executor may maintain an action for the possession of real estate as against the heirs or devisees, pending administration. Under said section the heirs may themselves recover possession of real estate against third persons, but not against the personal representatives."

In Cathro v. McArthur, 30 ND 337, 152 NW 686, plaintiff acquired an interest in real estate through quitclaim deeds from the heirs of the deceased owner and brought an action to quiet title. We stated in this case cited:

"At the death of Robert Winter the title held by him immediately vested in his heirs at law, he having, as before stated, died intestate. See § 5186, Rev Codes 1905, Comp Laws 1913, § 5742. It follows, therefore, that such heirs could, by deed, transfer their interest to the plaintiff. Whether plaintiff obtained the entire interest in such property through these quitclaim deeds is not controlling,—"

643

The defendant and appellant in that case argued that "the only competent proof of heirship is a decree establishing heirship."

We said, however, that this was error and quote with approval the case of Jetter v. Lyon, 70 Neb 429, 97 NW 596, an action in ejectment, wherein that Court stated: "Again one may establish ownership to real estate as the heir of a deceased person, even where no probate proceedings whatever have been had relating to the estate of the deceased. In this state our district courts have jurisdiction in ejectment suits, and the heirs of a deceased person, even before the estate is probated may maintain ejectment as to all persons except the executor or administrator."

In this case of Cathro v. McArthur supra, the point was raised there was no proof the grantors in the quitclaim deeds were in fact heirs but we held that in addition to other proofs furnished "the fact that they are such heirs is disclosed by the original petition for letters of administration, as well as by all the records of the county court relating to such estate which are in evidence in this case."

In the case at bar there are in the record duly certified copies of the decree made in the probate of the various estates involved as ordered by the appropriate courts in California, Washington and Wisconsin. Clearly the record shows the plaintiff has an interest in the land involved, and has a right to maintain this action in the District Court to determine the extent of her title. Such proceeding does not in any way interfere with the probate proceeding pending in the County court of Billings County in the estate of Fred W. Hoffman (known as F. W. Hoffman), one of the heirs of W. C. Hoffman, the original and sole owner of the property prior to the interests of any of the parties to this action.

Reliance is placed on our decision in Honsinger v. Stewart, 34 ND 513, 518, 159 NW 12, where the administrator was made a party defendant, and where we held that an heir could not maintain an action in partition against other heirs and the administrator of the estate, after the county court had assumed jurisdiction and before a final decree of distribution had been made as such action as this "would materially interfere with the exclusive jurisdiction and control which has been given both by the Constitution and the statute to the county court." We held in this case cited that "before the final decree of dis-

tribution the title of an heir is not such as will support an action of partition as against the administrator and the other heirs." A cursory examination of our statute chap 32 Rev Code of 1943 will show clearly how such an action could and would interfere with the administrator's possession of the property.

However, in that case, we distinguish between an action in partition in the situation set forth therein and the right of an heir to maintain an action to quiet title under the provisions of § 6460, Rev Code of 1899, § 8797, Comp Laws 1913 being § 30–2401 of the Rev Code of 1943. We say "the right of action in the heirs, which is conferred by this section, is subject to the right of possession of the administrator, and confers no right to maintain an action which is hostile to him."

The case at bar is not hostile to the executor or administrator, nor will the judgment of the district court in any way interfere with the possession by or the right of possession of the administrator in the settlement of the estate.

The district court was in error in dismissing the action and the case is remanded to that court in order that judgment may be entered determining the extent of plaintiff's interest in the property involved as against any and all of the defendants served.

The judgment is reversed and the case is remanded for further proceedings in conformity with this decision.

CHRISTIANSON, Ch. J., and MORRIS, BURKE and NUESSLE, JJ., concur.