Viola TeSORO, as Administratrix of the Estate of L. Oliver Pippenger, also known as Lee Oliver Pippenger, deceased, Plaintiff and Appellant,

v.

Henry LaDUE, Elizabeth Jane LaDue, Everett E. Palmer, Doris Palmer, Ray H. Walton, Bernice Walton, and Williams County, North Dakota, a public corporation, Defendants and Respondents.

No. 8123.

Supreme Court of North Dakota.

March 4, 1965.

Walter O. Burk, Williston, for plaintiff and appellant.

Ray H. Walton and Everett E. Palmer, Williston, for defendants and respondents.

MORRIS, Commissioner.

The plaintiff and appellant instituted this action to quiet title to a tract of land in Township 153 N., Range 102 W., and to Lot 7 of Section 7, and Lots 2 and 3 of Section 18, Township 153 N., Range 101 W., in Williams County. The defendant Williams County failed to answer in any manner. The respondents answered and counterclaimed, claiming title to the land in Range 101. On November 8, 1961, judgment was entered quieting title in the plaintiff to the land in Township 153 N., Range 102 W., and in the defendants Henry LaDue, Everett E. Palmer, and Ray H. Walton, to the land in Township 153 N., Range 101 W., in the following proportions: Henry LaDue, an undivided one-half interest; Everett E. Palmer, an undivided one-fourth interest; and Ray H. Walton, an undivided one-fourth interest. The plaintiff appeals from the judgment insofar as it quiets title in LaDue, Palmer, and Walton to the land located in Township 153 N., Range 101 W.

The record discloses the following pertinent facts: At the time of the trial of this case, the defendant Henry LaDue was 45 years of age. His father died in 1916. Shortly thereafter, his mother married L. Oliver Pippenger. At that time Henry was about one year old. During most of his childhood he lived with his maternal grandmother or in the Pippenger home. He was never adopted by Mr. Pippenger. On July 20, 1927, L. Oliver Pippenger acquired title to the property involved in this appeal. He remained the owner until his death which, according to the plaintiff, occurred about 1945. No taxes were paid on the property for the year 1949 and for a number of subsequent years. The property was sold to Williams County at the 1950 tax sale.

On May 26, 1954, the County Auditor of Williams County issued a notice of expiration of period of redemption describing the property herein involved and on October 2, 1954, the County acquired title by County Auditor's tax deed. Mrs. Pippenger, the mother of Henry LaDue, died "about 1944 or 1945." The Pippengers left a family of ten children who were half brothers or half sisters of Henry LaDue. One of the ten children, Paul Eugene Pippenger, died in 1956 unmarried and without issue. If he died intestate, his nine brothers and sisters succeeded to his estate. Section 56-01-04, N.D.C.C.

On April 13, 1955, Henry LaDue, made an application for repurchase of the Pippenger land, title to which was then held by Williams County under its tax deed. The right to repurchase was asserted under Section 57-28-19, N.D.C.C., which, in part, provides:

> "The former owner, his executor or administrator, or any member of his immediate family, shall have the right to repurchase all real estate forfeited to the county under tax deed proceedings, so long as the tax title thereto remains in the county."

On May 11, 1955, the County issued a deed to Henry LaDue which recited that he was a member of the immediate family of the former owner of the real estate therein described. LaDue deeded a one-fourth interest, each, to Palmer and Walton.

The case was tried to the District Court upon the assumption that L. Oliver Pippenger, who died about 1945, was the former owner of the property to which the County acquired title by tax deed proceedings in 1954.

In Wittrock v. Weisz, N.D., 73 N. W.2d 355, paragraph 6 of the Syllabus, the court said:

> "The statutory right to repurchase comes into being when the county acquires a tax deed valid on its face."

In this case the right to repurchase did not come into being until 1954.

■ The "former owner," as used in the applicable statute, must mean the owner or owners whose title was terminated by the expiration of the period of redemption from the tax sale as evidenced by the tax deed. In Herr v. Rudolf, 75 N.D. 91, 25 N.W.2d 916, 169 A.L.R. 1388, the court had occasion to consider the meaning of the term "former owner" in connection with a privileged class of buyers of land, title to which had been lost by foreclosure and the issuance of the deed to the State Treasurer as trustee. The court said:

"The term 'former owner' as used in the statute must mean, not necessarily the mortgagor who borrowed from the bank and gave the land as security, but the owner, whether the mortgagor or his successor in interest, at the time of the issuance of deed to the state treasurer as trustee."

■ The question that arises at this point is: Who owned the property at the time the County acquired tax title? The answer will be determinative of who had the right to repurchase. L. Oliver Pippenger died intestate. Upon his death title to his property passed to his heirs, subject to the control of the County Court and to the possession of any administrator appointed by that court for the purpose of administration. Section 56–01–03, N.D.C.C.; Hoffman v. Hoffman's Heirs, 73 N.D. 637, 17 N.W.2d 903; Belakjon v. Hilstad, 76 N.D. 298, 35 N.W.2d 637; Aberle v. Merkel, 70 N.D. 89, 291 N.W. 913; Stevahn v. Meidinger, 79 N.D. 323, 57 N.W.2d 1.

It is impossible to determine from this record whether L. Oliver Pippenger was survived by his wife and ten children or only by ten children. If his wife predeceased him, his ten children, as his heirs, became the owners of the property on his death and he, being dead, was not the for-

mer owner of the property with respect to the tax title acquired by the County in 1954. Henry LaDue, as a member of the immediate family of L. Oliver Pippenger (if he be considered as such), was not a member of the family of the former owner.

■ On the other hand, if Mrs. Pippenger survived her husband, she became an owner of one-third of the property, and if she died intestate her children, including Henry LaDue, were her heirs and successors to that interest. Thus Henry LaDue may have been an owner of an interest in the land along with her other heirs at the time the County acquired tax title. This is a statutory action to determine adverse claims and is essentially equitable in its nature. Wagner v. Stroh, 70 N.D. 323, 294 N.W. 195; Axt v. Bank of America, 72 N.D. 600, 10 N.W.2d 430; Northwestern Mutual Savings & Loan Association v. Hanson, 72 N.D. 629, 10 N.W.2d 599.

The case is here for trial de novo. Both the plaintiff and the defendants claim to be the owners and ask that title be quieted in them.

■ As the record now stands, neither the plaintiff, in her capacity as administratrix of the estate of L. Oliver Pippenger, nor Henry LaDue and his grantees have established a valid repurchase or a right to repurchase, although Viola TeSoro personally may be a former owner as an heir of L. Oliver Pippenger, and LaDue may be a former owner as an heir of his deceased mother.

The trial had in the District Court and the judgment that was rendered with respect to Lot 7 of Section 7 and Lots 2 and 3 of Section 18, Township 153 N., Range 101 W., Williams County, North Dakota, was based upon an erroneous conception of the controlling facts and applicable law. Because of the defective record, this court, upon a trial de novo, is unable to affirm or reverse the judgment or to order the entry

of a judgment that would, with reasonable certainty, accomplish justice with respect to the title to the land in dispute. Under Section 28–27–32, N.D.C.C., the Supreme Court is given the power, if it deems such course necessary to the accomplishment of justice, to order a new trial of the action. King v. Tallmadge, 45 N.D. 530, 178 N.W. 280.

The accomplishment of justice in this case requires that a new trial be ordered. It may appear to the parties or to the trial court that such accomplishment may be furthered by the addition of other parties who may have or claim an interest in the property. Wilke v. Merchants' State Bank, 55 N.D. 603, 215 N.W. 77.

That portion of the judgment pertaining to the land involved in this appeal is set aside and the case is, with respect to the trial of the title to such land, remanded for a new trial with permission to join additional parties pursuant to the North Dakota Rules of Civil Prcedure. All costs, including the costs of this appeal, will abide the result of the final judgment.

PER CURIAM.

The foregoing opinion by the Honorable JAMES MORRIS, a retired judge and duly appointed and qualified Commissioner of the Supreme Court, is adopted and made the opinion and decision of the Court.

BURKE, C. J., and ERICKSTAD, STRUTZ and TEIGEN, JJ., concur.

KNUDSON, J., not having been a member of the Court when the case was submitted, did not participate.