[File No. 6216.]

WILLIAM BURROWS, Appellant, v. PAUL PAULSON, Respondent.

(254 N. W. 471.)

Opinion filed April 19, 1934.

*John C. Pollock,* for appellant.
*Lawrence, Murphy, Fuller & Powers,* for respondent.

NUESSLE, J. Plaintiff brings this action to cancel and set aside a contract for the sale of real estate.

The case was tried to the court and findings of fact and conclusions of law favorable to the defendant were made and found. Judgment was entered thereon. Plaintiff appeals and demands a trial de novo in this court.

There is no controversy as to the facts. It appears that in May, 1933, the plaintiff, who owned a quarter section of land in Cass County, entered into a written contract with the defendant Paulson, under the terms of which he agreed to sell and convey the same to the defendant for a consideration of $4,000. $500 of this consideration was paid in cash, and the remainder was to be evidenced by a promissory note payable three years after date with interest, and secured by a mortgage on the premises conveyed. The contract further provided that the mortgage, in addition to the usual provisions, should contain the following: "The mortgagor agrees to pay and in all respects to be personally liable to the mortgagee and his assigns for the payment of the debt evidenced by the promissory note to secure which this mortgage is given, and that the personal liability of the mortgagor for the payment of said promissory note, and the indebtedness thereby evidenced, shall be enforceable by all remedies of law applicable to the collection of debt without respect to the sufficiency of the mortgage security to pay and discharge said indebtedness in the event of foreclosure of this mortgage; and for the recovery of said debt by remedy of court the mortgagor shall not be limited and restricted to the proceeds obtained or obtainable on foreclosure sale." The contract further provided that since the parties thereto were "in doubt as to the meaning or legal effect of the mortgage law of the state of North Dakota" the contract should be terminated if it should be ascertained that a mortgagor in such a mortgage might not be held personally liable for the mortgage debt or that he might not be held for the payment of any unpaid deficiency after foreclosure, and that in such event the contract of sale might at once be cancelled by notice by either party to the other, the vendor repaying all moneys paid and returning and releasing the note and mortgage and the vendee reinvesting the vendor with the title to the land conveyed.

Thereafter the plaintiff gave notice of the cancellation of the contract on the ground that the effect of chapter 155, Sess. Laws 1933, was to exempt mortgagors from personal liability for any deficiency

that might remain after foreclosure of their mortgages notwithstanding any contract to the contrary. In that behalf the plaintiff tendered back the purchase money that had been paid to him, refused to accept the note and mortgage pursuant to the agreement made, and demanded that the contract be cancelled and set aside. The defendant refused to accept the return of the purchase money paid by him and to consent to the cancellation of the contract, but, on the contrary, demanded a deed pursuant to the contract and tendered his note and mortgage in accordance with its terms. Thereupon the plaintiff commenced this action and the defendant, answering, counterclaimed for the specific performance of the contract of sale.

Section 8100, Comp. Laws 1913, provides:

"Whenever an action shall be brought for the foreclosure or satisfaction of a mortgage the court shall have power to render a judgment against the mortgagor for the amount of the mortgage debt due at the time of the rendition of such judgment and the costs of the action and to order and decree a sale of the mortgaged premises, or such part thereof as may be sufficient to pay the amount so adjudged to be due, and costs of sale, and shall have power to order and compel the delivery of the possession of the premises to the purchaser; but in no case under this article shall the possession of the premises so sold be delivered to the purchaser or person entitled thereto until after the expiration of one year from such sale; and the court may direct the issuing of an execution for the balance that may remain unsatisfied after applying the proceeds of such sale."

This section was amended by chapter 155, Sess. Laws 1933, to read as follows:

"Whenever an action shall be brought for the foreclosure or satisfaction of a mortgage, the court shall have power to render a judgment against the mortgagor for the amount of the mortgage due at the time of the rendition of such judgment and the costs of the action, and to order and decree a sale of the mortgaged premises, or such part thereof, as may be sufficient in full and complete satisfaction thereof, and shall have power to order and compel the delivery of the possession of the premises to the purchaser; but in no case under this Article shall the possession of the premises so sold be delivered to the purchaser or person entitled thereto, until after the expiration of one year from

such sale, and the court shall direct and the judgment shall provide that during the said one year period that the debtor or owner of said premises shall be entitled to the possession, rents, use and benefits of the real property sold from the date of such sale until the expiration of the said one year period; and the court shall have no power to render a deficiency judgment. Nothing herein shall be construed to postpone or affect any remedy the creditor may have against any party personally liable for the mortgage debt other than the mortgagors and their grantees."

The question here is as to the construction and effect of the statute as thus amended. Plaintiff contends that by virtue of the amendment a mortgagee of real estate must satisfy his obligation out of the security, and if on foreclosure sale a sufficient amount is not realized to cover the mortgage debt and costs that the mortgagee has no recourse against the mortgagor for the deficiency. On the other hand, defendant contends that the statute in question merely modifies the pre-existing statutory rule and deprives the court of power to enter a deficiency judgment as an incident to a foreclosure and that the mortgagee may proceed at law for the collection of that portion of the debt not paid by the fruits of the foreclosure sale.

The plaintiff concedes that it is not easy to spell out of the amended statute the meaning for which he contends. His contention is grounded largely on the proposition that if a mortgagee may after foreclosure and sale go into a court of law and obtain a judgment for the deficiency the wholesome rule that where a court of equity obtains jurisdiction of an action it will retain it and administer full relief both legal and equitable so far as it pertains to the same transaction or the same subject matter is wholly abrogated, and the mortgagor is thereby subjected to unnecessary vexation and expense. That is, the plaintiff points to the possible consequence of the construction which he opposes as indicating the legislative intent for which he contends. On the other hand, the defendant, though conceding uncertainty in the words of the statute, insists that the legislature may provide that no deficiency judgment be entered in a foreclosure action and that the mortgagor in such case be relegated to a suit at law to recover any balance remaining unpaid after sale, and that this is what the statute in question does. He urges that it does not follow that the mortgagor will derive no

benefit from such a procedure. Further, that if the construction for which the plaintiff contends be placed upon the statute it must be held unconstitutional and void in that it transgresses Section 61 of the Constitution of the state of North Dakota which requires that the subject of an act shall be expressed in its title, and violates the Fourteenth Amendment to the Constitution of the United States in that it abridges the defendant's privileges and immunities by interfering with his right to contract concerning his private affairs.

It seems to us it will not be necessary to consider the constitutional challenges thus interposed. After a careful consideration of the statute we are of the opinion that it is merely a procedural statute. Its whole effect is to relegate a mortgagee foreclosing to an action at law to recover any deficiency remaining after a sale of the mortgaged property and the application of the proceeds on the mortgage debt.

In this state a mortgage is merely a lien. It is given as security for and as incident to an indebtedness existing or created at the time of its execution. Dean v. Smith, 53 N. D. 123, 204 N. W. 987. Thus there are two contracts. One evidencing the debt or obligation, in this case the note; the other the mortgage contract. And in a suit on either the nature of the contract determines the character of the relief to be afforded. For, though the distinction between actions at law and suits in equity has been abolished, see § 7355, Comp. Laws 1913, this is a change in form rather than of substance and the distinction between legal and equitable rights and remedies remains. Black v. Minneapolis & N. Elevator Co. 7 N. D. 129, 73 N. W. 90; Corrington v. Crosby, 54 N. D. 614, 210 N. W. 342, 48 A.L.R. 660, and cases cited. Originally a proceeding to foreclose a mortgage was strictly in rem. No personal judgment could be rendered therein for the deficiency. See Dunkley v. Van Buren, 3 Johns. Ch. 330; Frank v. Davis, 135 N. Y. 275, 31 N. E. 1100, 17 L.R.A. 306; 42 C. J. 290 et seq. This was because of the nature and effect of the mortgage whereby the title passed to the mortgagee. But where the mortgage is merely a lien given as security there is no reason why this rule should be adhered to or why the rule that where a court of equity obtains jurisdiction of an action it will retain it and administer full

relief both legal and equitable should not be applied. See Young v. Vail, 29 N. M. 324, 222 P. 913, 34 A.L.R. 980, and note. Accordingly by statute or by rule of court the change has been generally made so that a personal judgment for a deficiency may be had in a foreclosure action against the mortgage debtor. See Bull v. Smith, 49 N. D. 337, 191 N. W. 624, 25 A.L.R. 1402. On the other hand, since there are two contracts there is no reason, except that of expedience, why, in the absence of a statute or rule to the contrary, appropriate actions may not be brought simultaneously or otherwise on both the note and the mortgage. And there is no logical reason why, if action be brought first on the note and the judgment be not satisfied, recourse may not later be had in an appropriate action to the mortgage security, or, conversely, if resort be had first to the mortgage security in an appropriate action and a deficiency result, that judgment might not be taken for the amount of such deficiency in an action at law. And the authorities without dissent so hold. See Jones, Mortg. 4th ed. §§ 1565, 1572, 1583, and cases cited. 41 C. J. 654, et seq. This is recognized by the provisions of our statute. See §§ 8101–8104, Comp. Laws 1913. Section 8101 provides that "After such (foreclosure) action shall be commenced, *while the same is pending,* no proceedings at law shall be had for the recovery of the debt secured by the mortgage, or any part thereof, *unless authorized by the court.*" Thus the implication of this section is that after foreclosure has been commenced and while the proceeding is pending the court may authorize an action at law for the recovery of the debt secured by the mortgage, and also that after the proceeding is concluded an action at law may be brought without authorization by the court. See Bennett v. Ellis, 13 S. D. 401, 83 N. W. 429. Sections 8103 and 8104 clearly contemplate that actions at law may have been begun and pursued to judgment prior to the commencement of the foreclosure action. For § 8103 requires that in an action for the foreclosure of a mortgage a plaintiff shall state in his complaint whether any proceedings have been had at law for the recovery of the debt, and, if they have, whether any and what part thereof has been collected. And section 8104 provides that if it appears that any judgment has been obtained in an action at law for the

moneys demanded in the foreclosure action, no proceeding shall be had in that action unless an execution against the property of the defendant in such judgment has been issued and the execution has been returned unsatisfied in whole or in part and it appears that the defendant has no property out of which to further satisfy it.

Now chapter 155 here in question makes no reference to any of the sections last enumerated. They stand unrepealed and unaffected by this enactment. Accordingly the statute after this amendment contemplates unmistakably that a mortgagee may sue on the indebtedness secured by his mortgage, obtain a judgment in such suit and satisfy it so far as he is able out of the mortgagor's property and thereafter proceed to foreclose the security to satisfy the unpaid portion of his judgment. We cannot believe the legislature intended to penalize him for reversing this procedure so if he foreclose his mortgage first and a deficiency results he cannot proceed at law to collect by suit, judgment, and execution, and must suffer the loss. If the construction of Chapter 155, for which the plaintiff contends, be adopted, this consequence follows whether the mortgage is for purchase money or for other consideration and regardless of the disproportion between the value of the security and the amount of the mortgage debt. If the construction for which the defendant contends be adopted, a mortgagee is merely relegated to the procedure which was originally followed prior to the application of the general equitable rule. The wording of chapter 155 is "and the court shall have no power to render a deficiency judgment." It seems to us that this provision refers only to the foreclosure proceeding and has no reference to an action at law. This is borne out by the succeeding sentence which provides that "Nothing herein shall be construed to postpone or affect any remedy the creditor may have against any party personally liable for the mortgage debt other than the mortgagors and their grantees." The words here used are "postpone or affect any remedy." And while they are used with respect to those liable other than the mortgagor and his grantee, nevertheless the clear implication is that the statute recognizing the mortgagor's personal liability over merely affects the remedy and postpones it so far as the foreclosure proceeding is concerned

without going the length of precluding or attempting to preclude the mortgagee from proceeding at law for any deficiency.

The judgment is affirmed.

BURR, Ch. J., and CHRISTIANSON, MOELLRING and BURKE, JJ., concur.