**BANK OF KILLDEER, a corporation, Plaintiff and Respondent,**

v.

**Angeline FETTIG, a/k/a Mrs. Phil Fettig, individually and as administratrix of the Estate of Phil Fettig, deceased, Defendant and Respondent,**

and

**Jack Fettig, Defendant and Appellant.**

No. 8127.

Supreme Court of North Dakota.

July 1, 1964.

Floyd B. Sperry, Bismarck, for defendant and appellant.

Greenwood & Swanson, Dickinson, for plaintiff and respondent.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, and Marshall T. Bergerud, Killdeer, for defendant and respondent.

ERICKSTAD, Judge.

This is an appeal by the defendant Jack Fettig from a judgment entered on the order of the District Court of Dunn County in favor of the plaintiff. A trial de novo is demanded.

The plaintiff, Bank of Killdeer, initiated this action to foreclose a chattel mortgage executed by Phil Fettig, now deceased, and the defendant Angeline Fettig to secure a promissory note dated May 21, 1959, in the sum of $13,000.00, bearing interest at the rate of seven per cent per annum, due and payable December 1, 1959, but extended by renewal to November 1, 1960.

On the date of the complaint, May 14, 1962, there remained unpaid on the note the sum of $3,713.80 plus $95.31 in interest.

A separate answer was filed by Angeline Fettig, as an individual and as administratrix of the estate of Phil Fettig, deceased. She has appealed neither as an individual nor as administratrix.

The defendant Jack Fettig filed a separate answer admitting the execution of the note, the default, and the balance due thereon but alleging that no action could be brought to foreclose the chattel mortgage which had been given to secure the payment of the note, for the reason that the decedent, Phil Fettig, and Angeline Fettig had executed and delivered to the plaintiff at the time of the execution of the chattel mortgage a real estate mortgage securing said note, and that therefore the plaintiff was "estopped" under Section 32-1907 of the North Dakota Revised Code of 1943, as contained in the 1957 Supplement to the Code, from foreclosing the chattel mortgage.

A stipulation in writing by the parties acknowledged in effect the material allegations of the complaint. It provided that the chattel mortgage sought to be foreclosed and a real estate mortgage not the subject of this foreclosure action were both given on the same date to secure the payment of the same note and that the sole issue was whether Section 32-1907 of the North Dakota Revised Code of 1943 "estopped" the plaintiff from foreclosing the chattel mortgage.

On submission of this matter the trial court found that the plaintiff was not prevented from foreclosing the chattel mortgage and ordered judgment accordingly. The appeal is taken from the judgment entered on this order.

On the basis of the stipulation the only issue in this court is whether Section 32-1907 of the North Dakota Revised Code of

1943, as amended in 1951 and contained in the 1957 Supplement to the Code, prohibited the plaintiff from foreclosing a chattel mortgage where a real estate mortgage was also given to secure the payment of the same note and no action or proceeding to foreclose the real estate mortgage had been commenced.

Said section of the Code is now contained in Section 32–19–07 of the North Dakota Century Code and reads as follows:

"32–19–07. Other suits prohibited. —Neither before nor after the rendition of a judgment for the foreclosure of a real estate mortgage or for the cancellation or foreclosure of a land contract made between July 1, 1937, and July 1, 1951, shall the mortgagee or vendor, or the successor in interest of either, be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed. It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given between July 1, 1937, and July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract. Except as otherwise provided in sections 32–19–04 and 32–19–06, neither before nor after the rendition of a judgment for the foreclosure of a real estate mortgage or for the cancellation or foreclosure of a land contract made after July 1, 1951, shall the mortgagee or vendor, or the successor in interest of either, be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed. It is the intent of this section that no de-ficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32–19–04 and 32–19–06." North Dakota Century Code.

As a study of the legislative journals yields little in our efforts to determine the intent of the Legislature, we must rely wholly on the words of the statute for its meaning.

The original source of the statute was Senate Bill 72 of the Twenty-fifth Session of the Legislative Assembly of North Dakota. The intent of the bill was expressed in Section 3 thereof, as follows:

"Sec. 3. INTENT. INTERPRE-TATION.] It is the intent of the legislature to provide by this Act that hereafter there shall be no deficiency judgments rendered upon notes, mortgages, or contracts given to secure the payment of money loaned upon real estate or given to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall only be entitled to a foreclosure or a cancellation of the mortgage or contract and no Court shall place any other construction upon this Act." N.D.Sess.Laws 1937, ch. 159, sec. 3.

This statute was amended in 1951 by House Bill 541 of the Thirty-second Session of the Legislative Assembly of North Dakota to permit a deficiency judgment upon a note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate as provided in the bill.

" * * * It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32–1904 and 32–1906." N.D.Sess.Laws 1951, ch. 217, sec. 3.

█ Neither as originally enacted nor as amended does the statute relate in any manner to the foreclosure of a chattel mortgage, nor does it prohibit a person from using either his personal property or his real property or both as security for a loan. This being so, the holder of the note in the instant case, which is secured by both a chattel mortgage and a real estate mortgage, is entitled to foreclose the chattel mortgage without first foreclosing the real estate mortgage and without reference to it.

█ As the stipulation entered into by all parties hereto restricts the issue before the district court solely to the question of whether Section 32–1907 of the North Dakota Revised Code of 1943, as amended, and which is now contained in Section 32–19–07 of the North Dakota Century Code, prohibits the foreclosure of the chattel mortgage in this case, we need not consider the other arguments of the appellant as contained in his specifications of error and asserted for the first time in this court.

█ "It is well settled that an issue which is neither raised nor considered in the trial court cannot be raised upon appeal. McDonald v. Abraham, 75 N.D. 457, 28 N.W.2d 582; Maher v. Ramsey County, 75 N.D. 760, 32 N.W. 2d 679; Megarry Bros. v. City of St. Thomas, N.D., 66 N.W.2d 704." New-

castle Drilling Company v. Thorndal, N.D., 105 N.W.2d 332.

For the reasons set forth in this opinion, the judgment of the district court is affirmed.

MORRIS, C. J., and TEIGEN and BURKE, JJ., concur.

STRUTZ, J., did not participate.