Belohlavek, Plaintiff in error, v. State, Defendant in error.

*February 2—February 28, 1967.*

For the plaintiff in error there were briefs and oral argument by *Robert H. Friebert,* public defender.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, and *Daniel L. LaRocque,* district attorney of Marathon county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

CURRIE, C. J.   The defendant urges that the trial court erred in refusing to give an instruction with respect to intoxication. The instruction sought would have informed the jury that intoxication is a defense to a crime in which intent is an essential element.[1]

The trial court denied the request for this instruction for the reason that there was no evidence to show that the defendant was under the influence of alcohol so that it might have negatived his criminal intention. A trial court is not required to give a requested instruction unless the evidence reasonably requires it, and this is true even though the requested instruction asserts a correct rule of law.[2]

Our examination of the record persuades us that the trial court was entirely correct in refusing to give an instruction on intoxication. The record does not contain evidence to show that Mr. Belohlavek was intoxicated at the time or even on the day that the alleged crime was committed. Indeed, there does not appear to be any testimony to establish that he had been drinking on that day prior to the time that this alleged wrong took place.

There is evidence that he had been drinking on the night before the theft; there is also evidence that he purchased alcoholic beverages after the theft. However, that evidence does not establish that he was intoxicated at the time of the crime. This would also apply to Mr. Belohlavek's previous record of arrests in connection with

---

[1] See Wis J I—Criminal, Part I, 765.

[2] *Pollack v. State* (1934), 215 Wis. 200, 210, 211, 253 N. W. 560, 254 N. W. 471; *Weisenbach v. State* (1909), 138 Wis. 152, 119 N. W. 843.

drinking and to his having appeared to be intoxicated during the course of the actual trial of this case. In our opinion, none of these facts bear on whether the defendant was intoxicated at the time he acquired the purse from Mr. McHugh.

Mr. Belohlavek testified that he was at a bar on the morning of the day on which the purse was taken, but he did not testify that he had something to drink. An hour and one half later, he returned to the bar and met Mr. Steffen; however, there is no evidence that he engaged in drinking at that time. Indeed, the evidence discloses that he met Mr. Steffen *outside* the building in which the bar was located.

Finally, the defendant quotes statements of the assistant district attorney and the trial judge indicating that there was some evidence of drinking by the defendant on the day of the crime. These remarks are not supported by the actual testimony of the witness at trial, and, therefore, cannot be given great weight upon this review. Such statements, in the absence of supporting testimony, are not of sufficient force to warrant our holding that the trial court erred in its refusal to give an instruction on the defense of intoxication.

Mr. Belohlavek also seeks to have this court use its discretionary power under sec. 251.09, Stats., to reverse his conviction in the interests of justice. We exercise such discretionary power only when it is probable that justice has miscarried. Our examination of the evidence in this case does not warrant the conclusion that the conviction should be regarded as a miscarriage of justice, and we decline, therefore, to exercise the discretion afforded us in sec. 251.09.[3]

*By the Court.*—Judgment and order affirmed.

---

[3] *Lock v. State* (1966), 31 Wis. (2d) 110, 118, 142 N. W. (2d) 183.