160 N.W.2d 97 (1968)
Dennis P. McKEE and Ronald J. McKee, Plaintiffs and Respondents,
v.
Ben KINEV, Defendant and Appellant.
Civ. No. 8475.
Supreme Court of North Dakota.
July 2, 1968.
Rausch & Chapman, Bismarck, for defendant and appellant.
Linn Sherman, Steele, for plaintiffs and respondents.
PAULSON, Judge.
This is an appeal by Ben Kinev, the defendant, from the judgment of the District *98 Court of Kidder County, North Dakota, in favor of the plaintiffs, Dennis P. McKee and Ronald J. McKee. Kinev has demanded a trial de novo.
James McKee and Ben Kinev entered into a contract in writing on November 10, 1960, for the sale by McKee to Kinev of certain real and personal property. The total purchase price was $9,500.00, which was payable in installments, as set forth in the contract. There was no promissory note executed by Kinev and the property described in the contract was the security for the purchase price. The contract provided that legal title to the property was to be retained by the seller until the purchase price had been paid in full. Kinev assumed possession of the property as of November 10, 1960, and has continued in possession since that date. Kinev paid a total of $5,000.00 on the original purchase price and there remained an unpaid balance of $4,500.00, plus interest, all of which has been past due since November 10, 1963. The real estate was assessed at approximately two-thirds, and the personal property at approximately one-third, of the total assessed value of the property. There was no apportionment of consideration between the real property and the personal property described in the contract.
James McKee, the original owner and seller and a party to the contract, died on May 5, 1964. Dennis P. McKee and Ronald J. McKee became the owners of the contract as the heirs and devisees of the decedent. The action for a personal money judgment was commenced by them to collect the balance due and owing on the contract, together with interest and costs.
Kinev interposed an answer wherein he admitted the execution of the contract, that he was in default, and that a balance of $4,500.00 was due and owing thereunder; but he alleged that the sole and exclusive remedy for cancellation or foreclosure of a land contract is provided in Chapter 32-19 of the North Dakota Century Code, that neither a vendor nor his successors in interest are authorized or permitted to bring any action in any court of this State for the recovery of any part of the debt secured by a mortgage or land contract, and that the holder of a real estate mortgage or land contract is entitled only to a foreclosure of the mortgage or a cancellation or foreclosure of the land contract.
The plaintiffs and the defendant entered into a stipulation of facts, which reads as follows:
"It is hereby stipulated and agreed by and between the plaintiffs and the defendant, through their respective counsel, that in lieu of testimony, this action is hereby submitted to the Court upon the following stipulation of facts:
"1. That on November 10, 1960, the defendant and one James McKee entered into a written contract for the sale of certain real and personal property by the said James McKee to the defendant, upon the terms and conditions therein provided. That a copy of this contract is attached to the complaint in this action, and that one of the duplicate originals of said contract is attached to the original of this stipulation and is made a part hereof.
"2. That when said contract was entered into, the assessed value of the real property therein described, for the year 1960 was $700.00, and that the assessed value of the personal property therein described, for the year 1960 was $366.00.
"3. That the defendant took possession of the real and personal property described in said contract on November 10, 1960, and that he has been ever since and still is in possession of all of said property.
"4. That the defendant paid to the said James McKee, to apply upon the purchase price of said property and the principal of said contract, the sum of $5000.00, and that he has paid interest on the unpaid balance due on said contract *99 to the 10th day of November, 1963, and that no other payments have been made upon said contract indebtedness by the defendant.
"5. That the said James McKee died on May 5, 1964, and that the plaintiffs in this action, as the heirs and devisees and legatees of the said James McKee, have succeeded to and are now the owners, in equal shares, of all the rights of the said James McKee in and to said contract and the property therein described, by virtue of the final decree of distribution entered by the County Court of Kidder County, North Dakota, in the Matter of the Estate of James McKee, Deceased.
"6. That the amount still due under the terms of said contract is $4500.00, plus interest thereon at the rate of 4% per annum from November 10, 1963.
"7. That the plaintiffs are ready, willing and able to make conveyance of the legal title to the real and personal property described in the contract, and have tendered and offered to make such conveyance upon payment by the defendant of the balance due under said contract.
"8. That no action has been brought at law or otherwise for the foreclosure or cancellation of said contract, and no action has been commenced thereon other than this present action.
* * * * * *
"IT IS STIPULATED that defendant may have an objection as to paragraph 2 with respect to the assessed value of the property on the ground that the same is irrelevant and immaterial."
The case was presented to the trial court, which found in favor of the plaintiffs, and further found that the contract was not a contract for deed within the provisions and meaning of Sections 32-19-06 and 32-19-07, N.D.C.C., but was a contract for the sale of both real and personal property; that the action was not an action for the foreclosure or cancellation of a contract for deed, but was an action for the recovery of the balance due to the seller and his successors in interest under a contract for the sale of both real and personal property; and ordered a money judgment of $4,500.00, plus interest at the rate provided in the contract from November 10, 1963, together with costs and disbursements.
Kinev has taken an appeal from the judgment. The issues raised by the appeal in this court are two-fold: whether Sections 32-19-06 and 32-19-07, N.D.C.C., govern the contract in question; and, secondly, whether the McKees are entitled to secure a personal money judgment against Kinev. The pertinent portion of Section 32-19-06, N.D.C.C., provides as follows:
"* * * The mortgagee or vendor or the successor in interest of either shall not be permitted or authorized either before or after the rendition of a judgment for the foreclosure of a real estate mortgage or the cancellation or the foreclosure of a land contract, if such mortgage or contract was made after July 1, 1951, to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed or canceled in excess of the amount by which such debt and the costs of the action exceed the fair value of the mortgaged premises. * * *"
The salient part of Section 32-19-07, N.D.C.C., which is applicable to the case as bar, provides:
"* * * Except as otherwise provided in sections 32-19-04 and 32-19-06, neither before nor after the rendition of a judgment * * * for the cancellation or foreclosure of a land contract made after July 1, 1951, shall the mortgagee or vendor, or the successor in interest of either, be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed. It is the intent of this *100 section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32-19-04 and 32-19-06." [Emphasis added.]
Kinev contends that the contract is one for the sale of real estate and comes within the purview of the two statutes, that is, Sections 32-19-06 and 32-19-07, N.D.C.C. He further contends that it is a contract for the sale of real estate, even though some items of personal property are contained and described in the written agreement. The fact that a contract for the sale of real estate also provides for the sale of personal property does not destroy its character as a contract for the purchase of realty. 91 C.J.S. Vendor & Purchaser § 1, p. 830; Scarsdale Pub. Co.-Colonial Press v. Carter, 63 Misc. 271, 116 N.Y.S. 731 (1909).
While there is no statutory form for a land contract contained in the North Dakota Century Code, the contents of the contract in this case show that it is a contract for the sale of realty and we accordingly conclude that the contract is a contract for the sale of real estate.
Having determined that the contract is one for the sale of real estate, it is essential to consider the ultimate issue of whether the McKees' action is limited to the procedure set forth in Sections 32-19-06 and 32-19-07, N.D.C.C.
This is a case of first impression in this court. A review of the above statutory sections indicates that the McKees would not be permitted under such sections to prevail in an action for a personal money judgment. The McKees urge that, prior to the enactment of Chapter 159 of the 1937 Session Laws of this State, the vendor had an election of remedies where the vendee was in default and thus the present action would not be barred by the deficiency judgment statutes. Chapter 159, 1937 N.D.S.L., has since been amended and the language now contained in Sections 32-19-06 and 32-19-07, N.D.C.C., provides an exclusive and limited procedure for the cancellation or foreclosure of a land contract. The McKees concede that the passage of such legislation has changed the previous remedies available to the vendor, and that such legislation has defined the procedure which may now be employed by the vendor of a land contract.
It is further urged by the McKees that the inclusion of personal property transforms such a contract to such an extent that it is not controlled by the land contract classification, as mentioned in Sections 32-19-06 and 32-19-07, N.D.C.C. This argument is untenable and would in effect destroy and nullify the protection afforded by legislative action to individuals such as Kinev. The McKees strenuously urge that Sections 32-19-06 and 32-19-07, N.D.C.C., are in derogation of the rights of the McKees to secure a personal money judgment because such rights were accorded them under the common law. However, Section 1-01-06, N.D.C.C., provides that:
"In this state there is no common law in any case where the law is declared by the code."
Nuelle v. Wells, 154 N.W.2d 364 (N.D. 1967).
Section 1-02-01, N.D.C.C., sets forth a rule of construction of the Code, as follows:
"The rule of the common law that statutes in derogation thereof are to be construed strictly has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice."
*101 These sections distinctly indicate that the McKees' argument cannot be sustained.
Furthermore, the legislative intent has been specifically set forth in that portion of Section 32-19-07, N.D.C.C., which states:
"* * * It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32-19-04 and 32-19-06." [Emphasis added.]
The language employed leaves no doubt as to the mandate of the Legislature in enacting this statute. This court cannot invade the province of the Legislature when the Legislature has spoken so clearly. Sec. 1-02-05, N.D.C.C. Any relief which an aggrieved party may desire to derive by remedial legislation must of necessity be secured from the Legislature, in which such authority is vested pursuant to the Constitution of this State.
This court, in Loraas v. Connolly, 131 N.W.2d 581, 582 (N.D.1964), held that:
"Under the provisions of the statutes of this State limiting deficiency judgments and suits upon debts secured by real property mortgages only, a mortgagee of real property is barred from maintaining an action against the mortgagor upon the secured debt or any part thereof except in connection with, or subsequent to, a foreclosure of the mortgage. * * *"
Sections 32-19-06 and 32-19-07, N.D.C.C., encompass land contracts as well as real estate mortgages. Thus the decision in Loraas v. Connolly, supra, is controlling in construing these statutes with reference to an action involving a land contract.
For the reasons stated in the opinion the judgment of the district court is reversed and the plaintiffs' complaint is ordered dismissed.
TEIGEN, C. J., and ERICKSTAD, STRUTZ and KNUDSON, JJ., concur.