AUTOMOBILE CLUB INSURANCE COM-
PANY, a Foreign Corporation,
Plaintiff and Appellant,

v.

LeRoy HOFFERT et al., Defendants
and Respondents.

Civ. No. 8739.

Supreme Court of North Dakota.

Feb. 18, 1972.

Rehearing Denied March 29, 1972.

Duffy & Haugland, Devils Lake, for plaintiff and appellant.

Ackre & Britton, Cando, for defendant and respondent Hoffert.

William J. Murray, Grand Forks, for defendants and respondents Benson; Brink, Sobolik & Severson, Hallock, Minn., of counsel.

STRUTZ, Chief Justice.

This is an appeal from a declaratory judgment entered in favor of the defendants and against the plaintiff Automobile Club Insurance Company on the 24th day of May, 1971. The action was brought by the plaintiff insurance company to determine the rights and liabilities of the parties under an insurance policy which had been issued by the plaintiff to the defendant Hoffert. The defendants Benson are joined as parties defendant because of a claim which they have asserted against the defendant Hoffert, under facts hereinafter set forth, which claim the plaintiff might be called upon to pay under the policy.

The case was tried to the court without a jury. The trial court found for the defendants. Judgment was entered accordingly and this appeal followed, the plaintiff demanding a trial de novo in this court.

The material facts in the case, upon which the trial court found for the defendants, are:

—The plaintiff issued a policy of automobile insurance to the defendant Hoffert on or about July 17, 1969. This policy was for a term of one year and contained certain terms, conditions, limitations, and amounts for which the plaintiff would be liable, as set forth therein. One provision was an exclusionary clause stating that the policy would not apply "to bodily injury or property damage caused intentionally by or at the direction of the insured."

—On the 14th day of September, 1969, after the policy had been in effect for approximately two months, the defendant Hoffert was operating the automobile described in the policy on a public highway when it was involved in an accident with an automobile operated by the defendant Maurice Benson, in which car the defendant Geraldine Benson was a passenger. As a result of such accident, Mrs. Benson suffered very serious personal injuries, Mr. Benson suffered less serious injuries, and the Benson car was demolished.

—The Bensons were acquainted with the defendant Hoffert, who was married to one of their daughters. Serious marital differences had arisen between the Hofferts and they had separated. Because of this situation, the relationship between the defendant Hoffert and the defendants Benson had become strained.

—On the day of the accident, the Bensons had been in Devils Lake visiting another daughter. Shortly after leaving Devils Lake, while driving north on Highway No. 20, they met the defendant Hoffert driving south toward Devils Lake. Hoffert continued driving toward Devils Lake for the purpose, as he testified, of

getting some gasoline. The Bensons, however, feeling that they should warn Hoffert's wife that he was heading that way, stopped at Webster for the purpose of telephoning her. While they were in Webster and parked on a side street, they saw Hoffert's automobile pass through town, traveling away from Devils Lake, at a high rate of speed. Shortly thereafter, they continued homeward toward Argyle, Minnesota.

—At the junction of Highways No. 20 and 17, the Bensons turned toward the east on Highway No. 17. After traveling some distance, they again met the defendant Hoffert coming from the east. After he had passed them, he turned around and began following their automobile. He finally managed to pass their vehicle after they had slowed down at the junction of Highway No. 17 with the highway going into Edmore. After Hoffert had passed their automobile, he stopped and began backing toward the Bensons' car. The Bensons also stopped. Hoffert then got out of his car and approached the Benson car on foot. At this juncture, Mr. Benson produced a pistol and told Hoffert to return to his automobile and leave. Hoffert went back to his car, reached through a window, and picked up a .22-caliber rifle from the back seat which he then aimed at the Bensons. His first shot went through the Bensons' rear left window. On the firing of the shot, Benson immediately took off, Hoffert firing two more shots, one of which hit the Benson automobile while the third shot missed. He again began following the Bensons and tried twice, unsuccessfully, to pass the Benson automobile. Mr. Benson testified that during one of Hoffert's unsuccessful attempts to pass, as the two cars were going down the highway at a high rate of speed, parallel to one another, Hoffert aimed his rifle out of the front right window at the Bensons but did not fire. After the second unsuccessful attempt to pass was made by Hoffert, Mr. Benson fired his pistol at the Hoffert car, but he missed.

—Hoffert then tried a third time to pass the Benson car. According to the record, he was at that time traveling parallel to and slightly ahead of the Benson automobile at a speed of approximately 110 miles an hour, with the left wheels of his car on the left shoulder of the highway. While thus speeding down the highway, Hoffert noticed a field crossing ahead and, in order to avoid hitting the crossing, he turned to his right. As he did so, his rear right bumper came in contact with the left front bumper of the Benson car. The bumpers hooked momentarily, and the impact was sufficient to cause Mr. Benson to lose control of his car. It swerved off the highway to the left side and struck a highway sign, resulting in the total demolishment of the Benson vehicle and causing very serious personal injuries to Mrs. Benson, which injuries necessitated months of hospitalization.

—On about April 22, 1970, the Bensons started an action against Hoffert for the personal injuries and damage to their car suffered in the accident. Shortly thereafter, the plaintiff insurance company, which had issued the policy on Hoffert's automobile, commenced this lawsuit for declaratory judgment, asserting that the acts which caused such damage and injury to the Bensons were deliberate and intentional on the part of the defendant Hoffert, and that the policy which had been issued to him did not cover the accident in question because the policy specifically provided that it would not apply to bodily injury and property damage caused intentionally by the insured.

On the above facts, the trial court held that although the acts of the defendant Hoffert were reckless and wanton, they were not intentional so as to permit the insurance company to deny coverage. The plaintiff insurance company thereupon took this appeal, demanding a trial de novo.

■ The first issue to be determined on this appeal is whether the plaintiff, as appellant, is entitled to a trial de novo in this

court and a retrial of the facts in this case. Chapter 311 of the Session Laws of 1971 repealed Section 28–27–32, North Dakota Century Code, which section provided for a trial de novo in cases tried to the court without a jury. The effective date of this repeal was July 1, 1971. The defendants assert that the plaintiff's appeal should be dismissed because its briefs were not filed and the appeal was not completed until after the first day of July; that, in any event, the plaintiff's case should not be considered de novo in this court and that, at best, the appeal should be from the judgment only.

Our law provides that an appeal in a civil matter is taken by service of a notice of appeal and is perfected on service of undertaking for costs. Sec. 28–27–05, N.D.C.C. The law further provides that if the appellant, within thirty days after his appeal is perfected, does not cause á proper record in the case to be transmitted to the Supreme Court by the clerk of the District Court, the respondent may cause such record to be transmitted. Sec. 28–27–06, N.D.C.C.

In this case, the appellant did serve and file its notice of appeal and undertaking within the statutory period for appeals, on June 2, 1971, prior to the first day of July, when the repeal of the de novo statute became effective. Therefore, the demand for trial de novo was timely made, and this court will try the facts anew, giving appreciable weight to the findings of the trial court.

■ In reviewing the facts, on demand for trial de novo, we will give appreciable weight to the findings of the trial court. Koistinen v. Farmers Union Oil Co. of Rolla, 179 N.W.2d 327 (N.D.1970); Renner v. Murray, 136 N.W.2d 794 (N.D. 1965); Parceluk v. Knudtson, 139 N.W.2d 864 (N.D.1966). However, on such trial de novo, we are not bound by the findings of the trial court. As we said in Kelmis v. Cardinal Petroleum Co., 156 N.W.2d 710 (N.D.1968), at page 715:

"This court will not apply the principle that in reviewing a case tried without a jury it will give appreciable weight to the findings of the trial court, in order to relieve it of the necessity of trying anew all questions of fact in the entire case. On trial de novo, the appellate court will find the facts for itself."

The policy issued to Hoffert contains an exclusionary clause which provides that the coverage of the policy will not apply:

.    .    .    .    .    .

"(b) to bodily injury or property damage caused intentionally by or at the direction of the insured;

.    .    .    .    .    .

Our statutes have a provision which is somewhat similar in meaning. Section 26–06–04, North Dakota Century Code, reads, in part:

"An insurer is not liable for a loss caused by the willful act of the insured, . . . ."

The plaintiff asserts that the acts of the defendant Hoffert, its insured, which resulted in the injuries and damages to the defendants Benson, were caused intentionally, that his acts were willful and deliberate, and that the resulting damages and injuries come within the exclusionary provisions of the policy set forth above. It urges that the plaintiff be declared to be released from any duty to defend the action brought by the Bensons against its insured, Hoffert, and from any liability to pay and satisfy any judgments which the Bensons may obtain against the said insured.

■ Whether the insured, Hoffert, had any deliberate intention to injure the Bensons at any time during the fantastic, outlandish, and bizarre events which occurred on the evening in question need not be determined on this appeal. We find that the insured had no such intention just prior to and at the time of the accident. Immediately before the mishap, he was traveling down the highway at a speed well over 100

miles an hour, with his left wheels on the dirt shoulder of the road. He suddenly saw ahead of him an approach leading from the highway to an adjoining field. His only thought at that moment was to save his own neck, not to injure the Bensons, and so he turned his car to the right to avoid the approach. In making this maneuver, he barely clipped the bumper of the Benson car, causing Mr. Benson to lose control of his automobile which then hit an approach on the opposite side of the road, wrecking the vehicle and causing the injuries complained of. Thus the injuries and damages were the result of an accident, and not the result of a willful and deliberate act of the insured which would bring such injuries and damages within the exclusionary provisions of the policy, as contended by the plaintiff.

■ Since we hold that the plaintiff cannot avoid liability under the exclusionary clause of the policy, we next must determine whether the insured gave to the insurer reasonable notice of the collision.

The policy of insurance provides that notice or proof of claim shall be given to the insurer by the insured, or other person making claim, "as soon as practicable."

The accident here under consideration occurred on September 14, 1969. The plaintiff company claims that it was not notified of the accident until the following April.

The defendant Hoffert, on the other hand, testified that he notified the plaintiff in writing of the accident on about November 1, 1969. He did not remember the exact date, but testified that it was during the time he was in the hospital and that it was about November 1. He further testified that, following the accident, he had been placed in jail in Ramsey County for several days and that on September 17 he was taken from the jail to the State Hospital, and he asserts that during the early part of November, while he was a patient there, he gave notice of the accident to the plaintiff insurance company. The insured's testimony is corroborated, to some extent, by his mother, who testified that she visited him at the State Hospital during the first part of November, and on that occasion her son had written a check for the premium due the plaintiff on the insurance policy, which check he enclosed in an envelope addressed to the insurance company together with a sheet of paper on which he had written something. She did not see what the writing was on the paper, but stated that such sheet was enclosed in the envelope with the check and that she thereafter mailed it after leaving the hospital. The defendant Hoffert also testified that sometime during the month of January he was contacted by the adjuster for the plaintiff company in regard to the accident in question.

The plaintiff produced no evidence denying receipt of the notice which the insured claims to have mailed to it during the first part of November, nor did it deny that its adjuster had contacted the insured during January.

On the above evidence, the trial court found that the insured had notified the plaintiff company of the accident during the first part of November and that such notice was given "as soon as practicable" in view of his confinement in jail and, subsequently, in the State Hospital. The trial court found that the insured had complied with the policy requirement as to notice.

This court repeatedly has held that on appeal from a judgment, demanding trial de novo, it will give appreciable weight to the findings of the trial court, especially where such judgment is based upon evidence of witnesses who appeared in person before the court. Koistinen v. Farmers Union Oil Co. of Rolla and Renner v. Murray, *supra*.

In the action before us, the trial judge saw and heard the witnesses testify. He believed that a notice had been sent with the premium payment which the insured's mother had mailed, the receipt of which notice was not denied by the plaintiff.

The trial court found that notice had been given to the plaintiff insurance company in November and that, under the circumstances of the insured's jail and State Hospital confinement, this was sufficient notice as required by the provisions of the policy. The plaintiff company has not shown that it was in any way prejudiced by the delay, from September to November, of receipt of such notice. We therefore agree that, under all of the circumstances of this case, the notice was given "as soon as practicable" by the insured and was sufficient under the provisions of the policy.

For reasons stated in this opinion, the judgment of the trial court is affirmed.

ERICKSTAD, PAULSON, KNUDSON, and TEIGEN, JJ., concur.