**EAST GRAND FORKS FEDERAL SAV-
INGS AND LOAN ASSOCIATION,
Plaintiff and Appellant,**

v.

**Arnold R. MUELLER et al., Defendants
and Respondents.**

**Civ. No. 8758.**

Supreme Court of North Dakota.

June 1, 1972.

See also N.D., 192 N.W.2d 744.

Stokes, Vaaler, Gillig, Warcup & Wou-
tat, Grand Forks, for plaintiff and appel-
lant.

Garry A. Pearson, Grand Forks, for de-
fendant and respondent Red River Realty,
Inc.

STRUTZ, Chief Justice, on reassign-
ment.

The plaintiff, East Grand Forks Federal
Savings and Loan Association, the mortga-
gee, appeals from a judgment dismissing
its action against the mortgagors, their
successors in interest, and the tenant for
recovery of rents claimed under a written
assignment of rents contained in a real es-

tate mortgage, which mortgage is in default.

The property described in the mortgage was owned by Theodore E. Jarombek and Theresa A. Jarombek, the mortgagors. They executed and delivered to the mortgagee a mortgage on Lot 10, Block 2, Dacotah Place Addition to the City of Grand Forks, which mortgage contained an assignment of rents. The mortgage was duly filed and recorded in the office of the register of deeds of Grand Forks County and has been in default during all times pertinent to this action.

The mortgagors did not answer the plaintiff's complaint, were not represented by counsel at the trial of this action, and are not parties on this appeal. The claimants in this action to the rental moneys paid on the property in question, which moneys have been deposited with the clerk of the district court of Grand Forks County, are the mortgagee, which claims such moneys under the assignment-of-rents clause in the mortgage, and the defendant and respondent Red River Realty, Inc.

The property described in the mortgage has been subject to several transactions since the mortgage in question was executed and delivered by the Jarombeks, as owners, on or about the 30th day of March, 1962. One of the provisions in the mortgage reads:

"5. If at any time the mortgagors shall be in default in performance of any of the agreements herein or in the said note contained, the Association shall have power and authority to remove the occupant and to take possession of the said real estate and to manage, control and lease the same even if it be a homestead, and collect all the rents, issues and profits therefrom or collect reasonable rent from the occupants if a homestead and shall then apply such income to pay all expenses of management and preservation of the property, taxes and assessments, reasonable and necessary repairs."

Some time after the mortgage was delivered to the mortgagee, the mortgagors employed Red River Realty, Inc., a real estate brokerage firm in Grand Forks, to sell the property for them. Certain buyers were found, and on November 17, 1964, the mortgagors sold the property to Walter and Adeline Beglo under a contract for deed calling for monthly installment payments. The Beglos made the monthly installment payments for a number of years, but eventually they defaulted in payment of installments due for the months of April, May, June, July, and August of 1969. It would appear from the record that on or about August 8, 1969, the Beglos assigned their interest in the contract for deed to Red River Realty, Inc.

As a result of the default in payments by the Beglos, the Jarombeks began proceedings to cancel the contract which they had executed with the Beglos. Judgment of cancellation of contract was entered on April 13, 1970, which judgment provided for a ninety-day period of redemption. No redemption was made within such period, and the mortgagors regained the right to possession of the property.

Before entry of judgment in the action to cancel the contract for deed, Red River Realty, Inc., attempted to sell the property to Allen and Donna Brownell. The new purchasers applied for financing through the appellant mortgagee, but such sale never was consummated and the Brownells occupied the property for a time only as tenants. They made payments of rent directly to East Grand Forks Federal Savings and Loan Association, the mortgagee herein.

After it became apparent that they would be unable to secure financing to purchase the property, the Brownells vacated, and the property then was rented to the defendant Arnold R. Mueller. His family occupied the premises as tenants at the time this action was commenced.

The record discloses that default was made on payments on the mortgage in March of 1969. By September of 1969, the

defaults totaled $529.42. A letter from the mortgagee to the tenant Mueller in September of 1969 notified the tenant that East Grand Forks Federal Savings and Loan Association, the mortgagee, was invoking its rights to such rents under the assignment of rents contained in its mortgage. The tenant, however, continued making his payments of rent to Red River Realty, which in turn deposited such rent money with the clerk of the district court pending the outcome of the action involving the cancellation of the contract for deed. The sum of $657.89, a portion of the amount claimed in this action, represents the rental payments for the period September 1969 through April 13, 1970. In addition, during the same period of time, Red River Realty collected $140 in rents from Mueller, which, through some oversight, was not deposited with the clerk of the district court. The claim for a total of $797.89, which the mortgagee is seeking to recover in this action, is based upon the theory that the mortgagee had invoked the assignment-of-rents provision of the mortgage which it held.

The trial court denied the mortgagee's claim to such rentals and ordered a dismissal of the complaint. In its memorandum decision, the trial court said:

"While East Grand Forks Federal Savings and Loan Association is the nominal plaintiff in the case at hand the real parties in interest are defendants, Theodore E. Jarombek and Theresa A. Jarombek, because any payment on the mortgage reduces their obligation as mortgagors. Under the circumstances the defense of Section 32–19–07, N.D. C.C., asserted by the Defendant, Red River Realty, Inc., is well taken."

The court then points out that the plaintiff mortgagee had made no effort to foreclose the mortgage or to gain possession of the premises, and that the plaintiff therefore had no right to the rents which were paid on the premises.

The plaintiff has demanded a trial de novo, and in the oral argument in this court the right of the appellant to a trial de novo was questioned. The de novo statute, Section 28–27–32, North Dakota Century Code, was repealed by Chapter 311 of the Session Laws of 1971, which repeal became effective on July 1, 1971. The notice of appeal, with undertaking for costs, was served and was filed with the clerk of the district court on October 29, 1970. Thus, where the effective date of repeal of the de novo statute was July 1, 1971, and the appellant had served and filed its notice of appeal and undertaking for costs in October of 1970, the demand for trial de novo was timely made. Automobile Club Insurance Co. v. Hoffert, 195 N.W.2d 542 (N. D.1972).

At the outset of our consideration of this appeal, we would point out that the respondent Red River Realty, Inc., has conceded in its brief that the recent decision of this court in Skinner v. American State Bank, 189 N.W.2d 665, decided by this court in December of 1971, appears to overrule the trial court's decision, which was based upon the premise that a debtor in possession is at all times entitled to rents and profits from the property until after the expiration of the period of redemption. In Skinner, we held that an assignment-of-rents agreement given with a real estate mortgage was enforceable by the mortgagee prior to foreclosure of the mortgage, and that the provision of Section 29–24–11, North Dakota Century Code, which deals with rents and profits during the period of redemption, has no bearing upon the mortgagee's rights under the assignment-of-rents agreement prior to foreclosure.

The respondent now urges this court to re-examine its decision in Skinner in the light of Section 32–19–07, North Dakota Century Code. That section provides, in part:

"  .  .  . Except as otherwise provided in sections 32–19–04 and 32–19–06, neither before nor after the rendition of a

judgment for the foreclosure of a real estate mortgage or for the cancellation or foreclosure of a land contract made after July 1, 1951, shall the mortgagee or vendor, or the successor in interest of either, be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed. It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32–19–04 and 32–19–06."

The respondent correctly states that the provisions of Section 32–19–07, North Dakota Century Code, were not considered in our decision in *Skinner*. The reason that section was not considered in *Skinner* was that we deemed the section wholly inapplicable since there had been no foreclosure started. The defendant and respondent Red River Realty asserts that that section goes farther than merely preventing a deficiency judgment because its language clearly prohibits "any action for the recovery of any part of any debt secured by the mortgage." The defendant, in quoting from Section 32–19–07, omits a very important portion thereof, the words "so foreclosed." That section commences:

"Neither before nor after the rendition of a judgment for the foreclosure of a real estate mortgage or for the cancellation or foreclosure of a land contract . . . [shall any action be permitted for the recovery of] any part of the debt secured by the mortgage or contract *so foreclosed.* . . ." [Emphasis supplied.]

The intention of the Legislative Assembly in enacting a statute must be ascertained from the language of the law, and where such language is clear and unambiguous, the court must give effect to the intention of the Legislature clearly expressed. Brenna v. Hjelle, 161 N.W.2d 356 (N.D.1968); City of Fargo v. Annexation Review Commission, 148 N.W.2d 338 (N.D.1966); Kessler v. Board of Education of City of Fessenden, 87 N.W.2d 743 (N.D.1958). We therefore hold that Section 32–19–07 clearly indicates that the intention of the Legislature was to prevent deficiency judgments in the event of foreclosure, except as provided by Sections 32–19–04 and 32–19–06, North Dakota Century Code.

In the case here under consideration, as was true in *Skinner,* there had been no foreclosure commenced. Upon default, the mortgagee relied entirely upon its rights under the assignment-of-rents agreement. This court has held that an assignment-of-rents agreement given by the mortgagor as additional security is lawful, and that such agreement will be enforced by the courts. Skinner v. American State Bank, *supra*; Fargo Building and Loan Assn. v. Rice, 66 N.D. 100, 262 N.W. 345 (1935).

In his dissent, Justice Teigen cites three cases in which we have construed Sections 32–19–06 and 32–19–07, North Dakota Century Code. These three cases, Bank of Killdeer v. Fettig, 129 N.W.2d 365 (N.D. 1964); Loraas v. Connolly, 131 N.W.2d 581 (N.D.1964); and McKee v. Kinev, 160 N.W.2d 97 (N.D.1968); are distinguishable on the facts from the case here under consideration. In none of the three cases was the issue of assignment of rents involved. Thus in none of the three cases was the issue present which we must decide in this case. They are not, therefore, authority for the proposition for which they are cited.

The trial court, in deciding this case, did not have the benefit of our decision in

Skinner v. American State Bank, *supra.* That case was decided sometime after judgment had been entered in the case now before us.

■ For reasons stated in this opinion, we find that the plaintiff mortgagee is entitled to the rents under its assignment of rents. We reverse the judgment of the trial court, and order that the moneys in question be paid to the mortgagee under the assignment-of-rents provision of the mortgage.

ERICKSTAD and PAULSON, J., concur.

TEIGEN, Judge (dissenting).

It is my opinion that not only have the majority misconstrued that portion of Section 32–19–07, N.D.C.C., which they purport to analyze for the purpose of determining legislative intent, but they have omitted from their analysis a very important portion of the statute. In my opinion a proper construction of the language contained in Section 32–19–07, N.D.C.C., and the sections to which it refers, compel an opposite conclusion than that reached by the majority. Therefore I must dissent.

Section 32–19–07, N.D.C.C., provides, in part:

"Except as otherwise provided in sections 32–19–04 and 32–19–06, neither *before* nor after the rendition of a judgment for the foreclosure of a real estate mortgage or for the cancellation or foreclosure of a land contract made after July 1, 1951, shall the mortgagee or vendor, or the successor in interest of either, be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed. It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, *and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32–19–04 and 32–19–06.*" [Emphasis added.]

The majority in their interpretation of Section 32–19–07, N.D.C.C., have completely ignored the word "before" and the clause "in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32–19–04 and 32–19–06." They have chosen to interpert this section to be applicable only in the event of foreclosure. In other words, under the majority interpretation, it requires the commencement of a foreclosure action to activate the provisions of the statute, but before foreclosure the statute is dormant and any action may be brought to enforce recovery of the debt secured by a real estate mortgage or land contract. Their construction completely ignores the important provisions of the statute set forth above and violates the cardinal rule of construction of statutes which provides that, in construing a provision of a statute, effect is to be given to the whole statute and the courts, if possible, will construe it and give meaning to every part of the same rather than adopt a construction which would make part of the statute meaningless and of no effect. This rule has been supported by many cases of this court. Brenna v. Hjelle, 161 N.W.2d 356 (N.D. 1968); Wallentinson v. Williams County, 101 N.W.2d 571 (N.D.1960); State v. E. W. Wylie Co., 79 N.D. 471, 58 N.W.2d 76 (1953); Ophaug v. Hildre, 77 N.D. 221, 42 N.W.2d 438 (1950).

Section 1–02–05, N.D.C.C., provides:

"When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

In my opinion Section 32–19–07, N.D.C.C., in clear and unambiguous language, provides that the holder of a real estate mortgage or land contract, in case of default, shall be entitled only to a foreclosure and that neither before nor after the foreclosure shall the mortgagee or vendor be authorized or permitted to bring any action in any court of this state for the recovery of any part of the debt secured by the mortgage or the contract, except for the deficiency as limited by Sections 32–19–04 and 32–19–06, N.D.C.C.

The historical background of this law also confirms my construction of the statute. Section 8100, Compiled Laws of 1913, provided that, in foreclosure actions, the court was empowered to direct the issuance of an execution for the balance that might remain unsatisfied after applying the proceeds of a mortgage foreclosure sale. This section was amended by Chapter 155, Session Laws of 1933, to provide that following a foreclosure of a mortgage "the court shall have no power to render a deficiency judgment." This enactment was construed in Burrows v. Paulson, 64 N.D. 557, 254 N.W. 471 (1934), as merely to deprive the court of power to enter a deficiency judgment as an incident to a foreclosure and to allow the mortgagee to proceed at law in a subsequent action for the collection of that portion of the debt secured by the mortgage which had not been paid by the fruits of the foreclosure sale. Following *Burrows,* the Legislature amended the statute by the enactment of Chapter 159, Session Laws of 1937, and provided in Section 1 that in any action for the foreclosure or satisfaction of a real estate mortgage or the cancellation or foreclosure of a land contract, entered into after July 1, 1937, "the Court shall under no circumstance have power to render a deficiency judgment for any sum whatever" and, by Section 2, prohibited all actions for the collection of the debt except by foreclosure or cancellation. Section 2 provided:

"That neither before nor after the rendition of the judgment and decree [for foreclosure or cancellation] herein provided for, shall the mortgagee or contract holder, or their successors [in] interest, be authorized or permitted to bring any action in any Court in this State for the recovery of any part of the debt secured by said mortgage or contract so foreclosed."

Section 3 stated that it was the legislative intent to provide by this Act that there shall be no deficiency judgments rendered upon notes, mortgages or contracts given to secure the payment of money loaned upon real estate or to secure the purchase price of real estate and that, in case of default, the holder of a real estate mortgage or land contract shall only be entitled to a foreclosure or a cancellation, and admonished the courts that "no Court shall place any other construction upon this Act." Thus Chapter 159, Session Laws of 1937, made the holding in *Burrows* inapplicable to mortgages or land contracts entered into after July 1, 1937.

The present law, construed in this case, was enacted in 1951 (Ch. 270, S.L. 1951), amends the previous statutes, and allows deficiency judgments, but limits them to an amount not exceeding the difference between the mortgage debt and the fair value of the mortgaged premises, and continues in effect the prohibition against other actions for the recovery of any part of the debt either before or after foreclosure. It was made operative as to real estate mortgages and land contracts entered into after July 1, 1951.

The 1951 enactment has been construed by this court in three decisions. In Bank of Killdeer v. Fettig, 129 N.W.2d 365 (N.D.1964), we held that the holder of a note secured by both a chattel and a real estate mortgage is entitled to foreclose the chattel mortgage without first foreclosing the real estate mortgage, and without reference to it. The rationale in that decision was that the statute does not relate in any manner to the foreclosure of a chattel mortgage nor prohibit a person from using either his personal property or his real property, or both, as security for a loan.

The next case was Loraas v. Connolly, 131 N.W.2d 581 (N.D.1964), decided about four months after Bank of Kildeer v. Fettig, *supra*. In *Loraas* we held that these statutes bar an action against the mortgagor upon a debt secured by a real property mortgage, except one for foreclosure. In paragraph 4 of the syllabus we said:

"Under the provisions of the statutes of this State limiting deficiency judgments and suits upon debts secured by real property mortgages only, a mortgagee of real property is barred from maintaining an action against the mortgagor upon the secured debt or any part thereof except in connection with, or subsequent to, a foreclosure of the mortgage. (Sections 32–19–07, 32–19–04, 32–19–06 NDCC)"

The third case is entitled McKee v. Kinev, 160 N.W.2d 97 (N.D.1968). In that case we held that the holder of a land contract (the above statutes are equally applicable to land contracts or real estate mortgages) may not ignore the contract and bring an action for a personal money judgment for the balance due and owing on the contract. In paragraph 4 of the syllabus we said:

"A vendor or the successor in interest of a contract for sale of real estate is barred from maintaining an action for a personal money judgment under the statutes of this State limiting deficiency judgments and suits upon moneys owing secured by a land contract except in connection with, or subsequent to, the cancellation or the foreclosure of a land contract. Secs. 32–19–06 and 32–19–07, N.D.C.C."

In referring to Sections 32–19–06 and 32–19–07, N.D.C.C., and particularly the language contained in the latter section pertaining to legislative intent, we said in *McKee*:

"The language employed leaves no doubt as to the mandate of the Legislature in enacting this statute. This court cannot invade the province of the Legislature when the Legislature has spoken so clearly. Sec. 1–02–05, N.D.C.C. Any relief which an aggrieved party may desire to derive by remedial legislation must of necessity be secured from the Legislature, in which such authority is vested pursuant to the Constitution of this State." McKee v. Kinev, 160 N.W. 2d 97, 101.

The effect of the majority opinion is to overrule *McKee* and *Loraas*.

The majority correctly state that the provisions of Section 32–19–07, N.D.C.C., were not considered in our decision in Skinner v. American State Bank, 189 N. W.2d 665 (N.D.1971). The reason, however, is that Section 32–19–07, N.D.C.C., was not brought to our attention in the arguments, the briefs, or from our own research. I think that we made a mistake in *Skinner* and should now acknowledge that mistake. In *Skinner* we followed Fargo Building & Loan Ass'n v. Rice, 66 N.D. 100, 262 N.W. 345 (1935), decided prior to the enactment of Chapter 159, Session Laws of 1937, which was the first enactment prohibiting the mortgagee or contract holder, or his successors in interest, from bringing any action in any court in this state for the recovery of any part of the debt secured by a real estate mortgage or land contract, except by foreclosure.

Under the circumstances of this case, it is my opinion that the assignment of rents and profits contained in the mortgage is a part of the security for the mortgage debt and may be invoked upon default of the conditions of the mortgage by the service of a notice upon the tenant of the mortgaged property, informing him that the mortgage is in default and that the mortgagee is invoking the assignment of rents provision in the mortgage. The service of such notice will impress the mortgage lien upon the future rents. Under the limitations contained in Sections 32–19–06 and 32–19–07, N.D.C.C., the mortgagee, in order to enforce his lien upon the rents, must commence an action to foreclose upon his security. In this case, East Grand Forks

Federal Savings and Loan Association, commenced an action in law for a personal money judgment to recover a part of the debt secured by the real estate mortgage under the assignment of rents provision contained in the mortgage, without asking for foreclosure. In my opinion this cannot be maintained as the court, under the statute, is prohibited from granting the relief prayed for in the absence of a prayer for foreclosure. However, it would appear to me that there would be no reason why, in a foreclosure suit, the mortgagee could not reach the rents which had accumulated subsequent to the time the mortgagee invoked the assignment of rents provision contained in the mortgage as additional security described in the mortgage. The debtor, however, would be entitled to the possession of the real estate, and the rents and the use and benefits thereof, from the date of the foreclosure sale until the expiration of the period of redemption.

For the reasons stated herein, I would affirm the district court judgment.

KNUDSON, J., agrees with the dissent of TEIGEN, J., and would affirm the judgment of the district court.