In re Dennis F. NEIDEFFER, Debtor.

Phillip D. ARMSTRONG, Trustee of the Estate of Dennis F. Neideffer, Plaintiff,

v.

UNITED STATES of America, acting Through its agency FARMERS HOME ADMINISTRATION, Defendant.

Bankruptcy No. 88–05043.

Adv. No. 88–7114.

United States Bankruptcy Court, D. North Dakota.

Nov. 3, 1988.

Phillip Armstrong, U.S. Trustee.

Clare Hochhalter, for defendant, USA acting through FmHA.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the court is a motion for judgment on the pleadings filed by the defendant, Farmers Home Administration (FmHA), filed October 18, 1988. The plaintiff/trustee resists the motion arguing there yet remain unresolved questions of fact.

The trustee, by complaint filed September 26, 1988, seeks avoidance under section 506(d) of the FmHA's second mortgage in real property being sold the Debtor on a contract for deed—land which, by virtue of a post-petition lease, has generated land rents of $8,000.00 which is in dispute. The FmHA claims the rents by virtue of a mortgage generated interest in rents while the trustee believes the interest in rents is a composite of FmHA's second mortgage and thus avoidable under section 506(d).

The FmHA admits the essential elements of fact and has provided the court with copies of the relevant mortgage instruments.

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Civil Rules may be treated as one for summary judgment where matters outside the pleadings themselves have been presented and received by the court. *Windsor v. Bethesda General Hospital*, 523 F.2d 891 (8th Cir.1975). The instant motion will be treated as a motion for summary judgment due to the mortgage documents presented in connection with FmHA's mortgage and the underlying bankruptcy petition and case file. Summary judgment is available where there appears to exist no genuine issue as to any material fact and where the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Mandel v. United States*, 719 F.2d 963, 965 (8th Cir.1983); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). When considering a motion for summary judgment, the facts must be viewed in a light most favorable to the party opposing the motion, and courts must afford that party the benefit of all inferences that may be derived from the facts. *Portis v. Folk Construction Co. Inc.*, 694 F.2d 520, 522 (8th Cir.1982). The facts and issues as they presently appear will be considered with these standards in mind.

### Findings of Fact

In November 1975, the Debtor, as purchaser, entered into a contract for deed for the purchase of 1,280 acres of farmland in Burleigh County, North Dakota. Thereafter he took a series of loans from FmHA and as security therefor extended FmHA four real estate mortgages in May 1986, January 1978 and May 1983. All four mortgages contained references to rents and all were duly recorded in advance of the bankruptcy filing. The Debtor filed for relief on January 20, 1988, and on May 5, 1988, the trustee leased the subject land to a tenant for $8,000.00 for the 1988 crop year. FmHA did not object to the leasing.

The subject land was valued in the bankruptcy schedules at $104,000.00 and $155,000.00 remains due the contract vendors. According to the schedules FmHA is owed $159,000.00 in consequence of its mortgages. The parties have not agreed on precisely what the present market value of the subject land is but both agree that FmHA's position is second to that of the vendors and that the land is worth less than the amount owed to the contract vendors. In its brief FmHA concedes that absent an entitlement to the rental proceeds it would be totally unsecured.

The relevant mortgage document language upon which FmHA premises its right to the post-petition rental proceeds is language which refers to rents in the introductory paragraph as a part of the mortgaged premises, to wit: "... together with all rights, interests, easements, heredit-aments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, ... all of which herein called 'the property'." Paragraph 17 of the mortgage provides that upon default the government at its option may, among other things, (e) "enforce any and all other rights and remedies provided herein or by present or future law." The mortgages do not contain any language which is typical of a present assignment of rents.

From the foregoing recitation of the facts, the court believes the issues are framed and no issues of fact are yet unresolved.

### Conclusions of Law

The issue is whether a junior mortgage holder who is completely unsecured as regards the land itself is also unsecured as to any interest it has in land rents arising by virtue of a interest in rents created by language as above set forth.

Section 506(d) relied upon by the trustee, provides that a creditor's lien is void to the extent it secures a claim against the debtor that is not an allowed secured claim. This section merely implements in bankruptcy the usual state law effect upon a junior encumbrancer of a first lien foreclosure that completely exhausts the available collateral.

In the present case there is no dispute that the contract vendor's claim of $155,000.00 completely consumes the land itself leaving nothing for FmHA. Whether the effect of section 506(a) on FmHA's interest in the land itself also operates to destroy its interest in the rents depends upon whether, under applicable non-bankruptcy law, FmHA's interest in rents is regarded as merely an aspect of the real estate mortgage completely subsumed as a non-severable element of the mortgage interest or, instead may be regarded as a separate interest severable from the mortgage interest. Rent may be a property interest separate and severable from the land itself and subject to being assigned. However, it also may be a composite of a mortgage of the fee which does not, as contrasted to an

absolute assignment, give the mortgagee an immediate right to the rents but merely gives the mortgagee a right to pursue the rents by taking some additional step recognized under applicable state law. 55 Am Jur 2d *Mortgages* § 112 (1971); *see also First Federal Sav. v. City Nat. Bank,* 87 B.R. 565 (D.C.W.D.Ark.1988).

■ The Chapter 7 estate's interest in property is limited to the same extent it was limited while in the hands of the Debtor and the trustee succeeds only to the title and rights in the property that the Debtor had. *In re Schauer,* 835 F.2d 1222 (8th Cir.1987); *In re N.S. Garrott & Sons,* 772 F.2d 462 (8th Cir.1985); *In re Fluge,* 57 B.R. 451 (Bankr.N.D.1985). The trustee's ability to effectively invoke section 506(d) to avoid FmHA's claimed lien against the rents depends upon whether FmHA's lien in the rents would have survived in a non-bankruptcy context.

■ In *U.S. v. Landmark Park & Assoc.,* 795 F.2d 683 (8th Cir.1986), the Circuit Court, faced with the question of whether an assignment of rents clause in an HUD mortgage gave it a paramount right to post-petition rents in view of section 552(b), said that federal law governs the perfection of security interest in rents created by an assignment of rents clause. Section 552(b) provides that a secured party's rights to rents, profits and proceeds acquired by the estate post-petition depends upon provisions of the security agreement and "applicable non-bankruptcy law". The language of HUD's mortgage was an present assignment of rents by which HUD was entitled to rental income immediately upon occurence of a default. The language upon which FmHA in the present case relies is not a present assignment and does not contractually afford FmHA a right to collect rents except to the extent such collection would be consistent with "other rights and remedies provided herein or by present or future law." In the case of *In re Buckley,* 73 B.R. 746 (D.C.S.D.1987), FmHA argued that language identical to that now before the court was the equivalent of an assignment of rents clause and ought to come within the purview of *Land-*

*mark.* Disagreeing, the District Court held that the FmHA mortgage language was not the equivalent of an assignment of rents and was not perfected pre-petition because FmHA did not undertake those acts necessary under South Dakota law to achieve perfection. The *Landmark* decision stands for the proposition that federal lenders who claim an interest in rents by virtue of a properly recorded pre-petition assignment of rents clause are perfected in post-petition rents because the assignment of rents clause becomes immediately operative at the moment of default. Automatic perfection in post-petition rents does not result in situations involving non-federal lenders or in situations where the federal lender does not have a present assignment of rents but rather, as here, is possessed of nothing more than an interest in rents as an element of the mortgaged fee.

The trustee became vested with the Debtor's interest in the real property as of January 20, 1988, and as of that date FmHA had done nothing to "enforce its rights and remedies" as regards the rents. This court has previously held that some affirmative act is necessary under North Dakota law in order to perfect one's rights in rents. *In re Fluge, supra.* Because FmHA's mortgage does not contain a self-executing assignment of rents clause its interest in post-petition rents was not perfected as of the date of petition filing and additional affirmative acts were required consistent with North Dakota law to achieve perfection. Because its security interest in rents is derivative and not a separate assignment of rents it does not survive the trustee's section 506(b) avoidance remedy nor has FmHA met the requirements of section 552(b).

Accordingly, the motion for summary judgment is granted in favor of the trustee as follows: IT IS ORDERED that the mortgage lien of the FmHA in the subject real property is avoided consistent with section 506(d) and that its interest in rents is unperfected and inferior to the interest of the trustee.

JUDGMENT MAY BE ENTERED AC-
CORDINGLY.